668 So.2d 217 (1996)
TAMPA BAY AREA NFL FOOTBALL, INC. d/b/a Tampa Bay Buccaneers and Johns Eastern Co., Appellants,
v.
Curtis JARVIS, Jr., Appellee.
No. 94-3411.
District Court of Appeal of Florida, First District.
January 23, 1996.
Rehearing Denied March 5, 1996.
*218 James N. McConnaughhay of McConnaughhay, Roland, Maida & Cherr, P.A., Tallahassee, for Appellants.
Richard A. Sicking, Miami, for Appellee.
ALLEN, Judge.
The employer appeals a workers' compensation order by which it was allowed a time-limited credit for salary payments under the contract of employment. The employer contends that the judge of compensation claims lacked jurisdiction to interpret the employment contract, and that the contract authorizes a dollar-for-dollar credit which is not time-limited. We conclude that the judge had jurisdiction to interpret the contract insofar as it affects an award of workers' compensation benefits, and that the judge properly construed the contract as permitting a credit only against workers' compensation benefits accruing during the term of the contract.
The claimant was a professional football player who sustained a compensable injury during the 1990 football season. He worked for the employer under a standard player contract which was effective for one year ending in February 1991. This contract was governed by a collective bargaining agreement which required the employer to obtain workers' compensation coverage or guarantee equivalent benefits. The employer elected to furnish workers' compensation coverage.
As provided in the player contract, the claimant was paid his full salary during the remainder of the contract year after he was injured, even though the injury rendered him unable to perform his usual employment duties. The claimant thereafter sought workers' compensation benefits, and the employer asserted entitlement to a dollar-for-dollar credit of the post-injury salary payments against all indemnity benefits under the Workers' Compensation Law.
In ruling on the claim for workers' compensation benefits the judge attempted to reconcile the player contract, the collective bargaining agreement, and the pertinent workers' compensation statutes. Although a judge of compensation claims lacks jurisdiction to resolve disputes which encompass only private contractual rights, e.g. Rudolph v. Miami Dolphins, 447 So.2d 284 (Fla. 1st DCA 1983), rev. denied, 453 So.2d 45 (Fla. 1984), the judge may address contractual rights and obligations which impact an award of compensation benefits. E.g., Barragan v. City of Miami, 545 So.2d 252 (Fla.1989). When the judge's jurisdictional authority has been invoked by a proper workers' compensation claim the judge may award workers' compensation benefits so as to remedy an impermissible deduction against, or effectuate an agreement for payment of, such benefits even though this involves consideration of contractual rights and obligations. E.g., Barragan; City of Pensacola v. Winchester, *219 560 So.2d 1273 (Fla. 1st DCA 1990). In the present case the judge was thus entitled to interpret the player contract and collective bargaining agreement in connection with the claim for workers' compensation benefits.
While the collective bargaining agreement refers to coverage under the "compensation laws," this does not preclude the parties from contractually expanding the coverage or benefits which would otherwise pertain under the workers' compensation statutes. As the judge recognized, an employer may become contractually obligated for greater workers' compensation coverage or benefits, and this obligation will be enforced within the workers' compensation system. See City of Pensacola; Housknecht v. City of Dania, IRC Order 2-3276 (November 15, 1977), cert. denied, 368 So.2d 1368 (Fla. 1979). The judge's consideration was therefore not limited to the offset which might otherwise pertain under section 440.09(8), Florida Statutes (Supp.1990), as the parties' rights and obligations were also properly assessed in light of the collective bargaining agreement and player contract. The judge accordingly gave effect to paragraph 10 of the player contract, which provides:
WORKMEN'S COMPENSATION. Any compensation paid to Player under this contract or under any collective bargaining agreement in existence during the term of this contract for a period during which he is entitled to workmen's compensation benefits by reason of temporary total, permanent total, temporary partial, or permanent partial disability will be deemed an advance payment of workmen's compensation benefits due Player, and Club will be entitled to be reimbursed the amount of such payment out of any award of workmen's compensation.
The judge interpreted this provision as permitting an offset only against workers' compensation benefits accruing during the term of the contract. This approach applies the reference to reimbursement out of "any award" in relation to payments "under this contract ... for a period during which he is entitled to workmen's compensation benefits...." This construction is both reasonable and appropriate, as the reimbursement or offset thereby pertains to any award of workers' compensation indemnity benefits for the specified period of time during which the claimant was still under contract and receiving his salary. In accordance with the parties' contractual agreement, and without regard to whether section 440.09(8) would otherwise permit a greater offset, the judge properly allowed the employer to credit the post-injury salary payments against only those workers' compensation benefits accruing during the term of the contract.
The appealed order is affirmed.
DAVIS, J., and SMITH, Senior Judge, concur.