684 So.2d 1050 (1996)
Thomas Gordon RICKETTS, Jr.
v.
NEW ORLEANS SAINTS.
No. 96-CA-0760.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 1996.
Writ Denied March 7, 1997.
Robert L. Hackett, Law Offices of Robert L. Hackett, New Orleans, for Plaintiff-Appellee Thomas Gordon Ricketts, Jr.
J. Michael Stiltner, Baton Rouge, for Defendant-Appellant New Orleans Saints.
Before SCHOTT, C.J., and KLEES and WALTZER, JJ.
KLEES, Judge.
The sole issue presented in this case is whether a contract provision entitles the defendant to a dollar-for-dollar offset in worker's compensation payments under La.R.S. 23:1225(d). The hearing officer determined that a week-for-week offset should be used. We affirm for the reasons below.

FACTS
The plaintiff, a professional football player, signed an employment contract with the defendant, New Orleans Saints, in April of 1994. Thereafter, on April 30, 1994, he was seriously injured with a permanent and total disability. On September 20, 1994, the defendant released the plaintiff and his playing career was over. He was paid $26,470.59 in an injury settlementthe equivalent of three weeks pay.
The plaintiff then filed a worker's compensation claim and trial was held on October 23, 1995, before the Honorable Gwendolyn F. Thompson. On January 16, 1996, the judge issued amended reasons finding that the defendant is entitled to a dollar-for-dollar credit for worker's Compensation benefits for the three (3) weeks paid under the settlement agreement.

ISSUE
Whether the defendant is entitled to a dollar-for-dollar credit for the $26,470.59 paid under the settlement agreement.
In determining this issue, the National Football League (hereinafter, "NFL") collective bargaining agreement, the player's contract with the New Orleans Saints, and R.S. 23:1225(D) must be considered.
Under the Collective Bargaining Agreement between the NFL Management Council and the Players Association, any worker's *1051 compensation would be determined according to the "law of the state in which his club is located." CBA, page 150. However, Section 6, entitled "Preservation of Rights," also on page 150 of the agreement states that both parties have the right to contest offset issues. Basically, the parties agree to disagree as to offset. See Judge Gwendolyn F. Thompson's Amended Reasons of January 16, 1996.
Under La.R.S. 23:1225(D), compensation benefits payable to a professional athlete are subject to a dollar-for-dollar offset.[1] The defendant, New Orleans Saints, would be entitled to an offset of $26,470.59 against any worker's compensation benefits.
The contract between the plaintiff and the defendant provided in Paragraph 10:
Any compensation paid to Player under this contract or under any collective bargaining agreement in existence during the term of this contract for a period during which he is entitled to workers' compensation benefits by reason of temporary total, permanent total, temporary total, temporary partial, or permanent partial disability will be deemed an advance payment of workers' compensation benefits due Player, and Club will be entitled to be reimbursed the amount of such payment out of any award of workers' compensation.
The whole issue turns on the interpretation of this paragraph. Did the parties contract to an offset based on time (the three weeks for which the plaintiff was paid) or based on a dollar-for-dollar amount ($26, 270.59)? The paragraph could be interpreted in either manner, as evidenced by the parties' incompatible positions.
The worker's compensation judge found that the Club (New Orleans Saints) was entitled to an offset for any benefits due for the period of time for which the claimant was paid pursuant to the NFL contract and settlement agreement.
In Tampa Bay Area NFL Football, Inc. v. Jarvis, 668 So.2d 217 (Fla.App.1996), the court affirmed the interpretation based on time rather than dollar-for-dollar.
"This construction is both reasonable and appropriate, as the reimbursement or offset thereby pertains to any award of workers' compensation indemnity benefits for the specified period of time during which the claimant was still under contract and receiving his salary." Id. at 219.
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.C.C. art.2046. "However, when the terms of a contract are susceptible to more than one interpretation, it is ambiguous, and parol evidence may be used." McCrory v. Terminix Service Co., Inc., 609 So.2d 883 (La.App. 4 Cir.1992); La. C.C. art.2045, et seq. Whether a contract is ambiguous is a question of law; the appellate review consists of whether the trial court's interpretation is legally correct. O'Niell v. Louisiana Power & Light Co., 558 So.2d 1235 (La.App. 1 Cir. 1990).
We find that Paragraph 10 is ambiguous and subject to two diametrically opposed interpretations. The defendant waived any right to a dollar-for-dollar offset under R.S. 23:1225 by signing this contract and by not incorporating similar language. R.S. 23:1225 is clear; Paragraph 10 is ambiguous.

*1052 CONCLUSION:
For the foregoing reasons, the judgment of the hearing officer is affirmed. The defendant, New Orleans Saints Club, is entitled to an offset for the period of time for which claimant was paid pursuant to the NFL contract and settlement agreement. This covers the three week period from September 20, 1994.
AFFIRMED.
SCHOTT, Chief Judge, dissenting:
As the majority opinion points out, LSA-R.S. 23:1225(D) standing alone entitles the defendant to an offset of $26,470.59. However, I respectfully dissent from the view that the contract between the parties is ambiguous and can be interpreted to limit the offset to only three weeks of compensation benefits.
The contract provides that the lump sum "will be deemed an advance payment of workers' compensation benefits" due the player. Plaintiff's workers' compensation benefits are for maximum SEB. This is equivalent to 90% of $150,000 for ten years. The language "advance payment of benefits" cannot be interpreted to mean advance payment of only the first three weeks of benefits.
Furthermore, "the award" of compensation to plaintiff is not a temporary three week award, but rather a 520 week award. The contract plainly provides that defendant is entitled "to be reimbursed the amount of such payment [which is $26,470.59] out of [the] award [520 weeks] of workers' compensation."
The result of our decision is to give plaintiff a windfall which neither party intended and which the contract cannot be reasonably interpreted to grant. I would reverse the judgment of the hearing officer and provide for full reimbursement to the defendant.
NOTES
[1] R.S. 23:1225(D) reads:

The compensation benefits payable to a professional athlete under any provision of this Chapter shall be reduced or offset by an amount equal to the total amount of benefits, wages, or other type of payment mentioned in any part of this provision on a dollar-for-dollar basis and not just on a week-to-week basis, if a professional athlete receives payment or remuneration from any of the following or payment of any type from any of the following:
(1) Any wages or benefits payable or paid to the athlete.
(2) A collective bargaining agreement.
(3) A contract of hire of any type.
(4) Any type of severance pay.
(5) Any type of injured reserve pay.
(6) Any type of termination pay.
(7) Any grievance or settlement pay.
(8) Any worker's compensation benefit of any type.
(9) Any other payment made to the professional athlete by the employer pursuant to any contract or agreement whatsoever.