708 So.2d 1232 (1998)
Clarence H. BLANCHARD
v.
TULANE MEDICAL CENTER.
No. 97-CA-1111.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1998.
*1233 Anthony J. Livaccari, Jr., New Orleans, for Defendant/Appellee.
Clarence H. Blanchard, Gretna, In Pro. Per.
Before BOWES, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
In this worker's compensation case, claimant, Clarence H. Blanchard, appeals from a judgment granting the exception of prescription filed by the defendant, Tulane Medical Center. For the reasons which follow, we affirm.
Claimant filed his claim for worker's compensation benefits in the Office of Workers' Compensation on May 2, 1997. As the basis of the claim, the claimant alleged that side effects from glaucoma medications prevented him from performing his job as a draftsman. The claim further alleged that this "injury/illness" occurred on December 11, 1992, which was also the last day he worked for the defendant. On May 30, 1997, the defendant filed numerous exceptions, including an exception of prescription. The Worker's Compensation Judge conducted a hearing on the exceptions on July 25, 1997, and at the conclusion of the hearing, the judge took the matter under advisement. Thereafter, on August 29, 1997, the judge granted the exception of prescription and dismissed the claim. It is from this judgment that claimant appeals.
Under LSA-R.S. 23:1209(A), a worker's compensation claim is barred unless asserted either one year from the date of the accident or one year from the time the injury develops, when the injury does not result at the time of the accident or does not develop immediately after the accident. In such cases, the claim is forever barred unless instituted within two years of the accident. Siemssen v. Manpower Temporary Services, 95-80 (La.App. 5 Cir. 5/30/95), 656 So.2d 1115.
The party pleading prescription generally has the burden of proving it. However, when a suit has prescribed on its face, the claimant has the burden of proving that prescription was interrupted in some manner. Bissic v. Hart Associates, 26,099 (La.App. 2 Cir. 9/21/94), 643 So.2d 261. Prescription can be interrupted by the payment of wages in lieu of compensation when suit is filed within one year of such payment. In addition, interruption may occur when the employer lulls the employee into a false sense of security and thereby discourages the filing of a lawsuit. Siemssen v. Manpower Temporary Services, supra.
In the instant case, claimant filed his claim on May 2, 1997 and the injury developed on December 11, 1992. Considering that the claimant had one year from the date of the injury developed to file his claim, the claim is prescribed on its face. The burden then shifted to the claimant to show that the prescriptive period had been interrupted. Because the claimant did not present any evidence showing such an interruption, we find that the judge did not err in determining that claimant's workers compensation claim had prescribed.
Accordingly, the judgment granting the exception of prescription is hereby affirmed.
AFFIRMED.