|,GOTHARD, Judge.
In this workers’ compensation case, appellants allege that the workers’ compensation judge erred in giving a week-for-week, rather than a dollar-for-dollar credit in benefits paid. For the following reason, we affirm the decision of the trial judge awarding a week-for-week offset, and we remand the matter for further proceedings.
The plaintiff, Paul Green, a professional football player, executed a NFL Player Contract with the New Orleans Saints for the period extending from date of execution on April 4, 1997 to February 1, 1998. Thereafter, in the summer of 1997, plaintiff suffered injury and was unable to play football.
Green suffered a right knee injury on July 14, 1997, resulting in knee surgery. Also in the summer of 1997, claimant suffered a hernia, which also required surgery. On August 19, 1997, Green settled his claim for the hernia injury for $38,-210.88, (which represented approximately six weeks pay). On July 8, 1998, Paul Green filed a disputed claim with the Office of Worker’s Compensation.
hThe matter was submitted to the worker’s compensation court, on briefs, on May 21, 1999. At that time, the parties entered into the following stipulations:
1)That the claimant, Paul Green, sustained an injury within the course and scope of his employment with the New Orleans Saints prior to the 1997 season;
2) That the claimant underwent a hernia repair and an arthroscopy on his right knee on August 3,1997;
3) That claimant received an injury settlement for the hernia in the amount of $38,210.88 on August 19, 1997, and was released from the team;
4) That on July 8, 1998 claimant filed a LDOL-WC 1008 alleging entitlement to benefits for knee and hernia injuries;
5) That claimant has not returned to playing professional football.
In memorandum filed, both parties agreed that the only issue before the court was whether the New‘Orleans Saints and LWCC were entitled to a dollar-for-dollar credit against the injury settlement received by claimant pursuant to La. R.S. 23:1225(D).
On June 21, 1999, the worker’s compensation court rendered judgment awarding defendants credit for the six week period represented by the settlement for the inguinal hernia. The trial judge also awarded to claimant weekly workers’ compensation benefits of $341.00 per week after expiration of the six week time period, for his knee injury, and related medical expenses.
On July 21, 1999, defendants filed a motion for appeal. On August 19, 1999, plaintiff filed a motion for appeal on the grounds that the judgment |4was silent with regard to any award for attorney fees, penalties and supplemental earning benefits.
The issue presented by this appeal is whether the workers’ compensation judge correctly held that the defendants were entitled to a credit for compensation due during the six week period instead of a dollar-for-dollar credit.
This identical issue was addressed by our brethren in the Fourth Circuit in the case of Ricketts v. New Orleans Saints, *38 96-0760 (La.App. 4 Cir. 12/4/96), 684 So.2d 1050, writ denied, 97-0020 (La.3/7/97), 689 So.2d 1373. In that ease, Mr. Ricketts was seriously injured with a permanent and total disability. He was paid $26,470.59 in an injury settlement — the equivalent of three weeks pay. The plaintiff filed for workers’ compensation benefits, and defendants contended that they were entitled to an offset of $26,470.59 against any workers’ compensation benefits. The workers’ compensation judge disagreed, and ruled that defendant was entitled to a dollar-for-dollar credit for workers’ compensation benefits for the three weeks paid under the settlement agreement.
On appeal, the Fourth Circuit considered the following: the National Football League Collective Bargaining Agreement, the Player’s Contract with the New Orleans Saints, and La. R.S. 23:1225(D). The Fourth Circuit said:
Under the Collective Bargaining Agreement between the NFL Management Council and the Players Association, any worker’s compensation would be determined according to the “law of the state in which his club is located.” CBA, page 150. However, Section 6, entitled “Preservation of Rights,” also on page 150 of the agreement states |Bthat both parties have the right to contest offset issues. Basically, the parties agree to disagree as to offset.
Under La. R.S. 23:1225(D), compensation benefits payable to a professional athlete are subject to a dollar-for-dollar offset.[1] The defendant, New Orleans Saints, would be entitled to an offset of $26,470.59 against any worker’s compensation benefits.
The contract between the plaintiff and the defendant provided in Paragraph 10:
Any compensation paid to Player under this contract or under any collective bargaining agreement in existence during the term of this contract for a period during which he is entitled to workers’ compensation benefits by reason of temporary total, permanent total, temporary total, temporary partial, or permanent partial disability will be deemed an advance payment of workers’ compensation benefits due Player, and Club will be entitled to be reimbursed the amount of such payment out of any award of workers’ compensation.
The whole issue turns on the interpretation of this paragraph. Did the parties contract to an offset based on time (the three weeks for which the plaintiff | ¿was paid) or based on a dollar-for-dollar amount ($26,270.59)? The paragraph could be interpreted in either manner, as evidenced by the parties’ incompatible positions.
The worker’s compensation judge found that the Club (New Orleans Saints) was entitled to an offset for any benefits due for the period of time for which the claimant was paid pursuant to the NFL contract and settlement agreement.
*39 In Tampa Bay Area NFL Football, Inc. v. Jarvis, 668 So.2d 217(Fla.App.1996), the court affirmed the interpretation based on time rather than dollar-for-dollar.
“This construction is both reasonable and appropriate, as the reimbursement or offset thereby pertains to 'any award of workers’ compensation indemnity benefits for the specified period of time during which the claimant was still under contract and receiving his salary.” [Tampa Bay ], at, 219.
Ricketts, supra, at 1050-1051.
The Court then considered the basic tenets of contract law, stating that:
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La.C.C. art. 2046. “However, when the terms of a. contract are susceptible to more than one interpretation, it is ambiguous, and parol evidence may be used.” McCrory v. Terminix Service Co., Inc., 609 So.2d 883 (La.App. 4 Cir.1992); La. C.C. art. 2045, et seq. Whether a contract is ambiguous is a question of law; the appellate review consists of whether the trial court’s interpretation is legally correct. O’Niell v. Louisiana Power & Light Co., 558 So.2d 1235 (La.App. 1 Cir.1990).
Id. at 1051.
The court then held that “Paragraph 10 is ambiguous and subject to two diametrically opposed interpretations” and that “defendant waived any 17right to a dollar-for-dollar offset under R.S. 23:1225 by signing this contract and by not incorporating similar language.” Id. at 1051.
We agree with the reasoning of the Fourth Circuit and we adopt it as our own for the purposes of this matter. We note that the plaintiff herein is subject to the same Collective Bargaining Agreement and that the wording of his Player’s Contract is identical to that in Ricketts, supra. The workers’ compensation judge in this matter reached the same conclusion as that of the workers’ compensation judge in Ricketts, and that decision was upheld by the Court on Appeal. We cannot see any error in this decision, of the trial court.
The defendants also argue that the trial judge erred in finding that claimant was entitled to continued worker compensation benefits after expiration of the six week period. Mr. Green cross-appealed and alleges that the trial court erred in failing to find that defendants were arbitrary and capricious in their failure to pay benefits, and also that the trial court erred in failing to award. supplemental earning benefits.
The parties stipulated. that Mr. Green had been injured and had not returned to professional football. This case was submitted to the worker’s compensation judge on briefs only, and therefore no additional evidence on these issues was presented to the trial judge. Based on the record be- ' fore us, and with no additional evidence related to these issues, we cannot say that the worker’s compensation judge erred in her determination of benefits. Accordingly, we affirm the decision of the worker’s compensation judge. All costs are assessed against defendant/appellant, the New Orleans Saints.
AFFIRMED.

. La. R.S. 23:1225(D) provides that:
The compensation benefits payable to a professional athlete under any provision of this Chapter' shall be reduced or offset by an amount equal to the total amount of benefits, wages, or other type of payment mentioned in any part of this provision on a dollar-for-dollar basis and not just on a week-to week basis, if a professional athlete receives payment or remuneration from any of the following or payment of any type from any of the following:
(1)Any wages or benefits payable or paid to the athlete.
(2) A collective bargaining agreement.
(3) A contract of hire of any type.
(4) Any type of severance pay.
(5) Any type of injured reserve pay.
(6) Any type of termination pay.
(7) Any grievance or settlement pay.
(8) Any workers’ compensation benefit of any type.
(9) Any other payment made to the professional athlete by the employer pursuant to any contract or agreement whatsoever.