764 So.2d 980 (2000)
James M. DOMBROWSKI
v.
NEW ORLEANS SAINTS.
No. 99 CA 0008.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
*981 Robert L. Hackett, New Orleans, for Plaintiff-Appellant James M. Dombrowski.
Sammie M. Henry, Baton Rouge, for Defendants-Appellees New Orleans Saints and Louisiana Workers' Compensation Corporation.
Before: CARTER and PETTIGREW, JJ., and CLAIBORNE,[1] J. Pro Tem.
PETTIGREW, J.
The sole issue presented to us in this appeal is whether claimant's employer was entitled to a week-for-week credit, as opposed to a dollar-for-dollar credit, for the $200,000.00 in salary payments as against the workers' compensation indemnity benefits payable to claimant. The workers' compensation judge determined that a dollar-for-dollar offset should be used. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Claimant, James M. Dombrowski, was a professional football player with the New Orleans Saints. He was injured during a football game on November 17, 1996, and did not play during the 1997 season. In lieu of his regular salary for the 1997 season, claimant received $200,000.00 pursuant to an injury protection provision contained in the Collective Bargaining Agreement negotiated between the National Football League ("NFL") and the National Football League Players Association. This amount was paid to claimant in sixteen weekly installments.
On October 7, 1997, claimant filed a Disputed Claim For Compensation seeking workers' compensation benefits for his disabling injury. The matter proceeded to trial on August 17, 1998, at which time the parties entered into several stipulations and then submitted the matter to the judge for consideration. According to the record and the appeal briefs submitted to this court, the parties stipulated to the following: (1) Claimant sustained an injury within the course and scope of his employment with the New Orleans Saints on November 17, 1996; (2) he received his last check for the 1996 season on January 8, 1997; (3) he did not play during the 1997 season but did receive $200,000.00 as wages in sixteen weekly payments over the course of the 1997 season; (4) he began receiving weekly compensation benefits in the amount of $341.00 beginning on December 22, 1997, at the conclusion of the 1997 season; (5) all of the related medical expenses have been paid by either the New Orleans Saints or its workers' compensation carrier, Louisiana Workers' Compensation Corporation (LWCC); and (6) all travel expenses related to the necessary medical treatment will be paid by either the New Orleans Saints or LWCC. The only issue remaining for the workers' compensation judge to decide was whether the New Orleans Saints were entitled to a week-for-week, as opposed to a dollar-for-dollar, credit for the $200,000.00 paid to claimant. The workers' compensation judge determined that the statutory dollar-for-dollar credit was applicable to the facts of the case. It is *982 from this judgment that claimant now appeals.

DISCUSSION
In determining that a dollar-for-dollar credit was warranted in this case, the workers' compensation judge noted that La. R.S. 23:1225 D "clearly allows for the dollar-for-dollar credit." The judge further held that the "NFL Players Contract expressed no intention to modify the statutory right of [the] employer to take a dollar-for-dollar credit for advance payments of workers' compensation [benefits]." Based on our review of the record in the instant case, we agree with this decision.
Under La. R.S. 23:1225 D, compensation benefits payable to a professional athlete are subject to a dollar-for-dollar offset. The statute provides as follows:
The compensation benefits payable to a professional athlete under any provision of this Chapter shall be reduced or offset by an amount equal to the total amount of benefits, wages, or other type of payment mentioned in any part of this provision on a dollar-for-dollar basis and not just on a week-to-week basis, if a professional athlete receives payment or remuneration from any of the following or payment of any type from any of the following:
(1) Any wages or benefits payable or paid to the athlete.
(2) A collective bargaining agreement.
(3) A contract of hire of any type.
(4) Any type of severance pay.
(5) Any type of injured reserve pay.
(6) Any type of termination pay.
(7) Any grievance or settlement pay.
(8) Any workers' compensation benefit of any type.
(9) Any other payment made to the professional athlete by the employer pursuant to any contract or agreement whatsoever.
It is a fundamental principle that laws existing at the time a contract is entered into are incorporated into and form a part of the contract as though expressly written therein. Board of Commissioners of Orleans Levee District v. Department of Natural Resources, 496 So.2d 281, 294 (La.1986); Brown v. Hudson, 96-2087, p. 13 (La.App. 1 Cir. 9/19/97), 700 So.2d 932, 940, writ denied, 97-2623 (La.1/9/98), 705 So.2d 1103, cert. denied, 524 U.S. 916, 118 S.Ct. 2297, 141 L.Ed.2d 157 (1998). Further, when the words of the contract are clear, explicit, and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art. 2046. In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. LSA-C.C. art. 1848; Hampton v. Hampton, Inc., 97-1779, pp. 5-6 (La.App. 1 Cir. 6/29/98), 713 So.2d 1185, 1189. Thus, it follows that La. R.S. 23:1225 D is applicable to the instant case unless the parties to the contract at issue expressed a clear intention to modify the statutory right of the employer to take a dollar-for-dollar credit for the advance payments of workers' compensation benefits to the claimant.
The relevant contractual language is found in Paragraph 10 of the standard NFL Player Contract, which provides as follows:
Any compensation paid to player under this contract or under any collective bargaining agreement in existence during the term of the contract for a period during which he is entitled to workmen's [sic] compensation benefits by reason of temporary total, permanent total, temporary partial, or permanent partial disability will be deemed an advance payment of workmen's [sic] compensation benefits due player, and club will be entitled to be reimbursed the amount of such payment out of any award of *983 workmen's [sic] compensation. (Emphasis added.)
Claimant argues in brief that this "provision permits an offset only against worker's [sic] compensation awards for the specified period of time during which the player was still under contract an[d] receiving salary payments." Claimant further asserts that this "offset by time rather than an unlimited, dollar-for-dollar offset, is in accordance with the decisions of numerous courts," citing Ricketts v. New Orleans Saints, 96-0760 (La.App. 4 Cir. 12/4/96), 684 So.2d 1050, writ denied, 97-0020 (La.3/7/97), 689 So.2d 1373.
In Ricketts, the fourth circuit considered the same issue that we are faced with in the instant case. The plaintiff in Ricketts suffered a career-ending injury in 1994 and was subsequently paid $26,470.59 (the equivalent of three weeks pay) in an injury settlement. The contract in question contained the identical provision that is mentioned above, i.e., Paragraph 10 of the standard NFL Player Contract. After considering the language in this provision, the workers' compensation judge concluded that the provision was ambiguous and that the team had waived any right to a dollar-for-dollar offset under La. R.S. 23:1225 by signing the contract and not incorporating similar language. Ricketts, 96-0760 at 3, 684 So.2d at 1051. On appeal, the fourth circuit affirmed, concluding that the team was entitled to an offset for the period of time for which the plaintiff was paid pursuant to the NFL contract and settlement agreement, i.e., a week-for-week offset. Ricketts, 96-0760 at 4, 684 So.2d at 1052.
We respectfully disagree with our brethren on the fourth circuit. In reviewing Paragraph 10 of the standard NFL Player Contract, we are satisfied that the terms contained therein are clear and explicit. Contrary to the conclusion reached by the fourth circuit, we do not find that the contract language amounts to a waiver of the statutory dollar-for-dollar offset set forth in La. R.S. 23:1225 D. The NFL Player Contract clearly establishes that when compensation is paid to a player, the club is entitled to a reimbursement in the amount of the payment made to the player. Thus, it is clear that this contractual provision does not in any way alter the rights guaranteed by La. R.S. 23:1225 D.

CONCLUSION
For the above reasons, we affirm the judgment of the workers' compensation judge holding that the New Orleans Saints are entitled to a dollar-for-dollar credit against their liability for workers' compensation benefits as against the $200,000.00 paid to claimant. All costs associated with this appeal are assessed against claimant/appellant, James M. Dombrowski.
AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.