776 So.2d 1283 (2000)
Michael J. JERICH
v.
NEW ORLEANS SAINTS and Louisiana Workers' Compensation Corporation.
No. 00-CA-1299.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2000.
*1284 Sammie M. Henry, Egan, Johnson & Stiltner, Baton Rouge, LA, Counsel for New Orleans Saints, Defendant-Appellant.
Robert L. Hackett, Law Office of Robert L. Hackett, New Orleans, LA, Counsel for Michael J. Jerich, Plaintiff-Appellee.
Panel composed of Judges DUFRESNE, CANNELLA and CHEHARDY.
CHEHARDY, Judge.
This is a workers' compensation claim by a professional football player against the New Orleans Saints ("Saints") football team and its insurer, Louisiana Workers' Compensation Corporation ("LWCC"). On June 16, 1998 Michael J. Jerich filed a claim with the Office of Workers' Compensation ("OWC"), alleging that he was injured on June 3, 1997 on the Saints' practice field when he planted his right foot as he was making a cut and his knee popped. He was diagnosed with a torn lateral meniscus and an articular cartilage tear and underwent multiple surgeries. He sought medical payments, weekly benefits, and penalties and attorney's fees.
The Saints filed a peremptory exception of prescription, which was referred to the merits.
The case was submitted on the record with the following stipulations by the parties:
a. That Michael Jerich was employed as a professional football player with the New Orleans Saints on or about June 3, 1997;
b. That Michael Jerich suffered injury to his right knee during non-contact drills in mini-camp on or about June 3, 1997;
c. That Michael Jerich has received medical treatment and undergone surgery for the injury to his right knee;
d. That all medical expenses incurred as a result of the claimant's June 3, 1997 injury to date have been paid by the New Orleans Saints either directly or through Louisiana Workers' Compensation Corporation (LWCC), its workers' compensation insurance carrier;
e. That Michael Jerich's contract provided that he receive $79,000.00 in base salary for the 1997 season, which would increase to $131,000.00 if he made the 53 man roster;
f. That Michael Jerich did not play during the 1997 season but received payment of his contract for the 1997 season, in lieu of compensation;
g. That Michael Jerich was found unable to participate in football activities for at least six months on June 12, 1998 by Dr. Timothy Finney;

*1285 h. That Michael Jerich filed an injury grievance under the NFL Collective Bargaining Agreement and received $55,500.00 as an injury settlement from the Saints (representing eight weeks of salary payments);
i. That Michael Jerich filed his workers' compensation claim on June 16, 1998.
The only issues submitted to the OWC judge were whether plaintiff's claim for indemnity benefits had prescribed and, if not, whether defendants were entitled to a dollar-for-dollar credit against the salary he received during the 1997 season and against the settlement under the NFL Collective Bargaining Agreement.
In rendering judgment, the OWC judge denied the exception of prescription, found that plaintiff was injured by accident in the course and scope of his employment, and found him entitled to weekly benefits in the amount of $341.00 per week for the duration of the time period when he was disabled, beginning March 1, 1998, and to related medical expenses. In addition, the OWC judge held that defendants are entitled to a dollar-for-dollar credit for workers' compensation benefits due only during the initial eight-week time period, which was paid pursuant to the injury settlement.
Defendants appeal, making three assignments of error. They assert that the OWC judge erred in failing to find the claim prescribed, in failing to award defendants dollar-for-dollar offset against all indemnity benefits, and in limiting the credit to the amount received in the injury settlement and not including the total amount received by claimant for the 1997 season.

I. Whether the Workers' Compensation Judge Erred as a Matter of Law in Failing to Find That Mr. Jerich's Claim for Workers' Compensation Benefits Had Not Prescribed Pursuant to La. R.S. 23:1209(A).
La. R.S. 23:1209(A) provides that claims for workers' compensation are forever barred unless filed within one year after the accident, except that where "such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment."
Plaintiff was injured on June 3, 1997, but did not file his claim until June 16, 1998, more than one year after the date of his injury. Defendants contend his claim should have been filed no later than June 3, 1998 and, therefore, that it has prescribed.
La. R.S. 23:1206 provides, "Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation." Payments made in this manner are often called "wages in lieu of compensation."
The running of prescription is suspended where the employer is paying the injured worker wages in lieu of compensation. Causby v. Perque Floor Covering, 97-1235 (La.1/21/98), 707 So.2d 23, 28 n. 4; Blanchard v. Tulane Medical Center, 97-1111 (La.App. 5 Cir. 3/11/98), 708 So.2d 1232, 1233.
The OWC judge made the following findings of fact in her reasons for judgment:
The testimony and the evidence corroborate that the claimant's last payment of benefits was in 1998, pursuant to the grievance settlement. The claimant did not work in 1998. The claimant did not perform duties as a professional football player while receiving his salary. He had multiple surgeries on his knee and he failed the team physical in 1998, so he could not play. He was paid ($55,500.00) in the settlement. The claimant therein did not earn his salary, he was paid pursuant to the contractual *1286 agreement. Therefore, he was paid wages in lieu of compensation.
Thus, the court held that the filing of the claim in June 1998 had not prescribed because it was within one year of the payment of the settlement.
The parties stipulated that plaintiff received payment of his contract for the 1997 season. The OWC judge determined that payment was wages in lieu of compensation and, therefore, held that it interrupted prescription on the claim. On appeal defendants assert that, although plaintiff did not play during either the 1997 season and or the 1998 season, the payment of the contract amount to plaintiff was earned wages.
Under the stipulated facts plaintiff was paid his entire basic contract amount, yet he performed no services as a professional football player after his injury. Further, Stipulation F stated, "Michael Jerich did not play during the 1997 season but received payment of his contract for the 1997 season, in lieu of compensation." (Emphasis added.) Accordingly, the OWC judge did not err in finding that plaintiff was paid wages in lieu of compensation and, thus, that plaintiff's claim had not prescribed.

II. Whether the Workers' Compensation Judge Erred as a Matter of Law in Finding That the Dollar-for-dollar Offset Applied Only Against Workers' Compensation Benefits Due Only During the Eight Week Period Which Was Paid Pursuant to the 1998 Grievance Settlement, and in Limiting the Utilization of the Dollar-for-dollar Offset Only Against the Amounts Due under the Workers' Compensation for the Eight Week Time Period of Workers' Compensation Benefits Payable to Claimant.
Defendants rely on La. R.S. 23:1225(D), which provides:
The compensation benefits payable to a professional athlete under any provision of this Chapter shall be reduced or offset by an amount equal to the total amount of benefits, wages, or other type of payment mentioned in any part of this provision on a dollar-for-dollar basis and not just on a week-to-week basis, if a professional athlete receives payment or remuneration from any of the following or payment of any type from any of the following:
(1) Any wages or benefits payable or paid to the athlete.
(2) A collective bargaining agreement.
(3) A contract of hire of any type.
(4) Any type of severance pay.
(5) Any type of injured reserve pay.
(6) Any type of termination pay.
(7) Any grievance or settlement pay.
(8) Any workers' compensation benefit of any type.
(9) Any other payment made to the professional athlete by the employer pursuant to any contract or agreement whatsoever.
In her reasons for judgment the OWC judge found as follows:
It is clear that the statute provides for a dollar-for-dollar credit for advance payments of workers' compensation benefits to claimant. But in the instant case, the court finds that, the contractual agreement provides an offset only against the workers' compensation awards for the specified time period during which the claimant was still under contract and receiving salary payment.
The OWC judge found further that the contractual agreement provided for greater benefits than the workers' compensation statutes and that the contract is ambiguous and susceptible to more than one interpretation. The judge concluded that "the law, collective bargaining agreement, other documentary evidence and testimony require a judgment that defendants are entitled to a dollar for dollar credit for worker's compensation benefits only during *1287 the eight (8) week time period" that was paid pursuant to the 1998 injury settlement.
The OWC judge cited the case of Ricketts v. New Orleans Saints, 96-0760 (La. App. 4 Cir. 12/4/96), 684 So.2d 1050, writ denied 97-0020 (La.3/7/97), 689 So.2d 1373, as support for her reasoning. In Ricketts the Fourth Circuit considered the NFL Collective Bargaining Agreement and the NFL Player Contract.[1] Reviewing these documents in conjunction with La. R.S. 23:1225(D), the Fourth Circuit decided in Ricketts that the contract provision is ambiguous and subject to diametrically opposed interpretations. State v. Lavalais, 95-0320 (La.11/25/96), 685 So.2d 1048, 1051. The court concluded that the Saints had waived any right to a dollar-for-dollar offset under La. R.S. 23:1225 by signing the contract without incorporating similar language. Id. The court held that the Saints Club was "entitled to an offset for the period of time for which the claimant was paid pursuant to the NFL contract and settlement agreement." (Emphasis in original). 685 So.2d at 1052.
On appeal defendants contend that "unless the parties to the NFL Player Contract clearly expressed an intention to modify the employer's statutory right, the proper measure of the credit is the total dollar amount of any payments falling within the statutory categories, applied on a dollar-for-dollar basis and not on a week-to-week basis."
In opposition on appeal, plaintiff cites us to a recent case in which this Court followed Ricketts, Green v. New Orleans Saints, 99-1057 (La.App. 5 Cir. 2/16/00), 757 So.2d 36. The plaintiff in Green, like plaintiff in this case, signed a contract with the Saints for the 1997 season. He too suffered injuries in the summer of 1997 that made him unable to play football and he received an injury settlement that represented approximately six weeks of pay. The OWC judge awarded the Saints credit for the six-week period represented by the injury settlement. The only issue on appeal was whether the defendants were entitled to a dollar-for-dollar credit against the injury settlement received by claimant pursuant to La. R.S. 23:1225(D). We adopted the reasoning in the Ricketts case, noting that Green was subject to the same collective bargaining agreement and that the wording in his player's contract is identical to that in Ricketts. Accordingly, we followed the Ricketts decision and upheld the OWC ruling. 757 So.2d at 39.
Our supreme court granted writs in Green, however. Green v. New Orleans Saints, 00-0795 (La.5/5/00), 760 So.2d 1185. Shortly after the appeal now before us was submitted following oral argument, the supreme court rendered its decision.
In Green v. New Orleans Saints, 00-795 (La.11/15/00), ___ So.2d ___, 2000 WL 1702369, the supreme court overruled Ricketts, finding that Saints were "entitled to an offset for the full amount of the `Agreement and Release' payment on a dollar-for-dollar basis under La. R.S. 23:1225(D)." at ___, 2000 WL 1702353 at *1.
The court pointed out that the contract was prepared by the National Football League and the NFL Players' Association and is the standard contract used by all teams in the NFL. The provision in question is Paragraph 10 of the contract, which provides that any compensation paid to the player for a period during which he is entitled to workers' compensation benefits *1288 will be deemed an advance payment of workers' compensation benefits due to the player and the football club will be entitled to be reimbursed the amount of such payment out of any award of workers' compensation.
The supreme court found that Paragraph 10 of the contract is clear and explicit and does not amount to a waiver of the statutory dollar-for-dollar offset set forth in La. R.S. 23:1225(D). The court concluded,
While the parties may disagree as to the interpretation of paragraph 10 of the Contract and there are sound arguments for interpreting the provision to provide the player with greater rights than those afforded by La. R.S. 23:1225(D), we find that the language of paragraph 10 of the Contract is in fact consistent with the language of La. R.S. 23:1225(D).... The $38,210.88 represents `compensation paid to [Green] under this contract ... for a period during which he is entitled to workers' compensation benefits.' Under paragraph 10, the Saints are entitled to be reimbursed the amount of such payment, $38,210.88. The time period reflected in paragraph 10 merely categorizes payments made during that time period as an advance of workers' compensation benefits; it does not limit the employer to an offset against workers' compensation awards for the specified period of time during which the player was still under contract. [Footnote omitted.] If this provision was intended to limit the offset for a period of time, the last line of the provision would not have so clearly said otherwise.
at ___, 2000 WL 1702353, *2. The court concluded that the football club was entitled to a dollar-for-dollar credit for the money paid to the player and the club was not obligated to pay weekly indemnity benefits until the sum was exhausted.
That case, obviously, governs here. The same contract and collective bargaining agreement are involved.
Accordingly, we conclude that the OWC judge erred in failing to award defendants a dollar-for-dollar credit as provided in La. R.S. 23:1225(D).

III. The workers' compensation judge committed manifest error in limiting the credit to the $55,500.00 received as a result of the 1998 injury settlement and not including the $79,000.00 that Mr. Jerich received for the 1997 season.
This issue, like the preceding issue, is governed by the supreme court's determination in Green, supra, that the provisions of the contract are consistent with La. R.S. 23:1225(D). La. R.S. 23:1225(D) provides that compensation benefits payable to a professional athlete shall be reduced or offset by an amount equal to the total amount of wages or other type of payment on a dollar-for-dollar basis. The enumerated subparagraphs include wages, payments under a collective bargaining agreement, severance pay, injured reserve pay, termination pay, grievance or settlement pay, workers' compensation benefits, and "any other payment made to the professional athlete by the employer pursuant to any contract or agreement whatsoever." (Emphasis added.) La. R.S. 23:1225(D)(9). The $79,000.00 payout of plaintiff's contract clearly is encompassed within the statute.
Accordingly, the OWC judge erred in failing to award defendants a credit against the 1997 contract payments received by plaintiff after he was injured.
For the foregoing reasons, the judgment of the Office of Worker's Compensation is amended in part, to provide that defendants are entitled to a dollar-for-dollar credit for worker's compensation benefits due against all amounts paid to Michael Jerich after the date of his injury, June 3, 1997, under his player's contract and under the collective bargaining agreement settlement. In all other respects the *1289 judgment is affirmed. Each party is to pay his or its own costs of this appeal.
AMENDED IN PART AND, AS AMENDED, AFFIRMED.
NOTES
[1] The Collective Bargaining Agreement states that worker's compensation will be determined according to the law of the state in which the player's football club is located and that both parties have the right to contest offset issues. The Player Contract provides that any compensation paid to the player, either under the contract or under the collective bargaining agreement, during a period in which he would be entitled to worker's compensation benefits will be deemed an advance payment of worker's compensation benefits and the club will be entitled to be reimbursed the amount of such payment out of any award of worker's compensation.