PAINTER, Judge.
11AppeIlant, the Louisiana Ice Gators (“the Team”), a professional hockey team, appeals the ruling of the Office of Workers’ Compensation awarding temporary total disability (“TTD”) benefits and supplemental earnings benefits (“SEB”) to Robert Weingartner. Weingartner answers the appeal asking for benefits for an increased period, an increased benefit for scarring, and penalties and attorney’s fees.
*2 The Workers’ Compensation judge (“WCJ”) correctly outlined the underlying facts of this case, in her reasons for judgment, as follows:
Robert Weingartner was employed with the Louisiana Ice Gators (“Ice Gators”) as a professional hockey player. On May 9, 2000 while playing in a game, the puck went behind the net. Wein-gartner went behind the net and an opponent put his hockey stick between Weingartner’s legs and pushed him into the ledge. Weingartner was sent for medical treatment immediately after the game to have a cut over his left eye stitched up. The team doctor referred him to a neurologist. He was seen by Dr. Patrick Juneau III, a neurosurgeon, on May 10. Due to Weingartner’s long history of concussions, Dr. Juneau believed him to be at increased risk for concussive episodes and advised Wein-gartner to retire.
Weingartner retired from professional hockey upon Dr. Juneau’s advice. After his retirement he did various jobs. He coached children’s league ice hockey and roller hockey, he operated a small lawn care business, and managed a condominium complex. He and his family eventually moved to Witchita (sic), Kansas where he obtained employment with Goddard Middle School as a custodian.
Weingartner filed a disputed claim for compensation on September 7, 2001. After a hearing, the WCJ rendered judgment in favor of Weingartner granting temporary total disability benefits in the amount of $384.00 per week from May 9, 2000 through December 1, 2000 and supplemental earnings benefits beginning December 2, 2000 and to continue as long as they are due. She also awarded twenty weeks of benefits for scarring and disfigurement at
$384.00 per week. She ordered that the TTD benefits. and SEB be subject to a credit for sums paid in lieu of | ^compensation, including fringe benefits, from May 10, 2000 through October 12, 2000, a credit for the twenty weeks awarded for scarring and disfigurement, and a credit for income earned after May 9, 2000, less actual business expenses of self-employment as evidenced by the income tax returns. The judgment further noted that Weingartner is entitled to any medical treatment for his post-concussive syndrome that is reasonable and necessary. Both Weingartner and the Team assert error on the part of the WCJ.[1]
DISCUSSION

Prescription

The Team asserts that the claim for indemnity benefits is prescribed because the payments made to Weingartner through October 12, 2000 were earned under his contract rather than being wages in lieu of compensation, which would have served to interrupt or suspend prescription. La.R.S. 23:1209(A) (footnote omitted) provides, in pertinent part, that:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any ease, the limitation shall not take effect until the expiration of one year from the time of making the last payment ...
*3 It is uncontested that Weingartner was injured on May 9, 2000. Weingartner’s testimony shows that the Ice Gators’ final game of that hockey season was to occur on May 26, 2000. It is undisputed that Weingartner continued to receive his salary 1-jfrom the time of his injury through October 12, 2000. The trial court found that those payments were wages in lieu of compensation.
La. R.S. 23:1209(A) in part, provides that claims for workers’ compensation are forever barred unless a claim is filed within one year after the accident, or the parties have agreed upon the payments to be made. Voluntary payments, or “unearned wages,” paid by the employer to the employee can be deducted from compensation payments. La.R.S. 23:1206. These payments are considered “wages in lieu of compensation.” Jerich v. New Orleans Saints, 00-1299, p. 4 (La.App. 5th Cir.12/27/00), 776 So.2d 1283. Prescription is interrupted when wages in lieu of compensation have been paid. If wages are paid in lieu of compensation, a claim for compensation benefits must be filed within one year of such payment. Blanchard v. Tulane Medical Center, 97-1111, p. 3 (La.App. 5th Cir.3/11/98), 708 So.2d 1232, 1233; Siemssen v. Manpower Temporary Services, 95-80, p. 6 (La.App. 5th Cir.5/30/95), 656 So.2d 1115, 1117.
Frazier v. Deltide Fishing & Rental Tool, Inc., 03-53, pp. 4-5 (La.App. 5 Cir. 5/28/03), 848 So.2d 143, 146.
The Team asserts that the payments were earned under the contract but paid in prorated fashion, as agreed by Wein-gartner at the time he signed his contract with the Team, over a twelve month period. The contract was not introduced into evidence. Weingartner supplied the only testimony concerning the terms of his employment under the contract. Weingart-ner’s testimony with regard to his contract was as follows:
When I arrived in town, I had a meeting with the general manager [of the Ice Gators]. His name is J.D. Regard. I sat down at his desk. He — we talked about a contract, and he offered me Four Hundred and — I believe it was Four Hundred and Fifty Dollars a week. And I told him, I said, you know — I said, “Wait a second. I was just playing for an Eight Hundred Dollar a week contract. There’s no way that I’m going to play, you know, in my eighth year professional, I’m going to take that much of a pay cut.” So he — I told him I had— you know, I explained my whole contract, which I said earlier, about the Eight Hundred Dollars a week and all the extra things I was getting, so he went ahead and said, “Okay, we’ll put you at — “I believe it was Four Fifty or Four Sixty-Five for a year-round contract, so I would get paid, basically, double the time that I had been there in order to make up for the difference in pay. There |4was a salary cap at the time, and they had a lot of older players, what we call veteran players, which are — who have played two hundred games or more — so he didn’t have the Eight Hundred Dollars a week. So he agreed to pay me the Four Sixty-Five for double [the] amount of time, or a year-round contract which would’ve ended in October. October 12th. Around there.
Considering this testimony, we find that the money paid to Weingartner after the end of the season was earned during the season. Therefore, the payments cannot be considered wages in lieu of compensation. As a result, prescription was not interrupted by these payments, and Wein-gartner’s claim for indemnity benefits is prescribed.
*4 Having so found, we need not consider the remaining assignments of error. Although Weingartner’s brief on appeal suggests that he may be asking for penalties and attorney’s fees for failure to pay for dental care claimed pursuant to an earlier compensation claim filed under Office of Workers’ Compensation docket number 03-1966, the judgment appealed from does not pertain to that claim. Therefore, the claims raised therein are not before this court.
CONCLUSION
For these reasons, the judgment of the trial court concerning indemnity benefits is reversed. Weingartner’s claim for workers’ compensation indemnity benefits arising out of his accident of May 9, 2000 is dismissed. That portion of the judgment concerning medical treatment is affirmed. Costs of this appeal are to be paid by the Appellee, Robert Weingartner.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
PICKETT, J. dissents and assigns written reasons.
THIBODEAUX, Chief Judge, dissents for the reasons assigned by Judge PICKETT.

. We note that the Team has not assigned error with regard to the medical treatment ordered in the judgment. Therefore, that portion of the judgment is not before this court.