PICKETT, Judge,
dissenting.
pFor the following reasons, I disagree with the majority opinion.
The majority finds that the money paid Mr. Weingartner between the time he was injured and the end of his contract, October 12, 2000, did not interrupted the tolling of prescription. I disagree. This case is very similar to the factual situation in Jerich v. New Orleans Saints, 00-1299 (La. App. 5th Cir.12/27/00), 776 So.2d 1283. In Jerich, the claimant was a professional football player employed by the New Orleans Saints.- Jerich injured his knee in June of 1997. During the 1997 football season, Jerich was paid his entire basic contract amount but performed no services as a professional football player. In Je-rich the court stated:
The running of prescription is suspended where the employer is paying the injured worker wages in lieu of compensation. Causby v. Perque Floor Covering, 97-1235 (La.1/21/98), 707 So.2d 23, 28 n. 4; Blanchard v. Tulane Medical Center, 97-1111 (La.App. 5 Cir. 3/11/98), 708 So.2d 1232, 1233.
The OWC judge made the following findings of fact in her reasons for judgment:
The testimony and the evidence corroborate that the claimant’s last payment of benefits was in 1998, pursuant to the grievance settlement. The claimant did not work in 1998. The claimant did not perform duties as a professional football player while receiving his salary. He had multiple ' surgeries on his knee and he failed the team physical in 1998, so he could not play. He was paid | ¡>($55,500.00) in the settlement. The claimant therein did not earn his salary, he was paid pursuant to the contractual agreement. Therefore, he was paid wages in lieu of compensation.
Thus, the court held that the filing of the claim in June 1998 had not prescribed because it was within one year of the payment of the settlement.
The parties stipulated that plaintiff received payment of his contract for the 1997 season. The OWC judge determined that payment was wages in lieu of compensation and, therefore, held that it interrupted prescription on the claim. On appeal defendants assert that, although plaintiff did not play during either the 1997 season and or the *5 1998 season, the payment of the contract amount to plaintiff was earned wages.
Id. at 1285-86 (emphasis mine). In this case, Mr. Weingartner received payment of his contract between the time he was injured and the end of the contract period, October 12, 2000. The facts establish that Mr. Weingartner was paid his entire contract amount, yet he performed no services as a professional hockey player after his injury. Just as Jerich. Additionally, had Mr. Weingartner filed for indemnity benefits immediately after his accident he would have lost money. I believe that the court must look at the intent of the Workers’ Compensation Statutes, the liberal rule of construction which must be accorded the Workers’ Compensation Statutes, and also take into consideration the unique character of employment of professional athletes (contracts, non-monetary compensation, etc.) as did our colleagues of the fifth circuit in Jerich.
Additionally, this court has recognized that an employer cannot continue to pay an employee his regular salary and then, subsequently, use that practice to avoid its responsibility under the Workers’ Compensation Statutes. See Monceaux v. R & R Construction, Inc., 05-533 (La.App. 3 Cir. 12/30/05), 919 So.2d 795.
Further, it is well settled “that an employer and/or insurer who lulls the injured employee into a false sense of security, thus inducing forbearance in the prosecu-tionjjof a compensation claim is estopped to plead prescription to the injured employee’s untimely suit.” Williams v. William Wrigley, Jr., Co., 94-370 (La.App. 5 Cir. 11/16/94), 646 So.2d 1092, writ denied, 95-0373 (La.4/7/95), 652 So.2d 1346. If the payment of one’s full salary, following an injury doesn’t qualify as lulling an injured employee into a false sense of security, what does?
According, for the reasons stated above, I respectfully dissent.