PER CURIAM.
The appellant, the mother of J.H., challenges the juvenile court’s amended order adjudicating her child dependent and awarding temporary custody to the father. We reverse.
After the father contacted the appellee, Department of Health and Rehabilitative Services (HRS), regarding the welfare of the child, HRS filed a petition alleging that the mother had abused the child and caused him to live in a dangerous environment making him dependent under section 39.-01(9)(a), Florida Statutes (1985). The court combined the adjudicatory and disposition hearings and subsequently entered an order finding that the abuse and dangerous environment allegations were not proven and that both parents were fit and proper custodians. The court, however, also found that the child’s environment evidenced a lack of stability which was not in the best interest of the child. Consequently, the court adjudicated the child dependent and awarded temporary custody to the father. This timely appeal followed.
Chapter 39 of the Florida Statutes is the sole and exclusive means by which a court can declare a child dependent. State v. M.T.S., 408 So.2d 662 (Fla. 3d DCA 1981), review denied, 419 So.2d 1200 (Fla.1982). To adjudicate a child dependent, the court must find that the child has been abandoned, abused, or neglected by his parents or other custodians. § 39.01(9)(a). See also, § 39.01(1), (2), (27). As the mother contends and HRS concedes, the court did not find any of the foregoing contingencies and, therefore, it was error to adjudicate the child dependent. We, accordingly, reverse and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
SCHOONOVER, A.C.J., and FRANK and HALL, JJ., concur.