787 So.2d 184 (2001)
W.T., Father of W.T., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D00-3425.
District Court of Appeal of Florida, Fifth District.
May 11, 2001.
Rehearing Denied June 1, 2001.
*185 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Kelly A. Swartz of Child Welfare Legal Services Department of Children and Families, Orlando, for Appellee.
COBB, J.
The trial court adjudicated the minor child of W.T. dependent based upon an acrimonious relationship between W.T. and the child's mother. At the time of the adjudication, divorce proceedings between the parents were in progress. We agree with the father that the trial court utilized the wrong criterion for its finding of dependency.
As was held in Roberts v. Florida Dep't of Children and Families, 687 So.2d 51 (Fla. 3d DCA 1997), the trial court in a dependency action cannot base its decision merely on the best interest of the child without consideration of the dependency status, which requires a finding of abuse, abandonment, or neglect. In this case there was no finding that any domestic violence between the parents had any effect on the child. Indeed, the evidence of domestic violence in this case was uncorroborated and suspect. In this case there was no evidence that the child had ever been deserted or mistreated by the father, and no finding to that effect. The child did not testify and was never examined by any Department doctors. Since the parents are now separated and live apart, the situation which concerned the trial court no longer exists. The evidence which was presented did not show that placing the child with the natural father would endanger the child's safety and well-being. See K.T. v. Department of Children and Families, 706 So.2d 1385 (Fla. 3d DCA 1998). As was said in In re M.F., 770 So.2d 1189, 1193 (Fla.2000): "The purpose of a dependency proceeding is not to punish the offending parent but to protect and care for a child who has been neglected, abandoned, or abused." The child in this case has not been neglected, abandoned or abusedat least not by his father and should be promptly returned to the father by the Department.
REVERSED AND REMANDED.
HARRIS and PALMER, JJ., concur.