789 So.2d 497 (2001)
C.W., as Parent of N.W., et al., Appellant,
v.
DEPT. OF CHILDREN AND FAMILIES, Appellee.
No. 5D00-2003.
District Court of Appeal of Florida, Fifth District.
July 13, 2001.
R. William Lyng, III, of R. William Lyng, P.A., Kissimmee, for Appellant.
Susan E. Burr, Child Welfare Legal Services, Department of Children and Families, Kissimmee, for Appellee.
PLEUS, J.
The father challenges an order declaring his four children dependent as to him based on a finding of prospective neglect or abuse.
The Department of Children and Families ("the Department") filed its petition for dependency against both parents. The dependency as to the mother was declared moot by the trial court upon the concession of the Department that the mother was a non-offending parent. At the conclusion of the trial, the court found the children dependent as to the father based on its findings of fact that alcohol abuse by the husband and domestic violence between the parents placed the children at risk.
The evidence at trial revealed that the father had a 22 year problem with alcohol but that two months before the Department even filed its petition, the father stopped drinking and began attending Alcoholics Anonymous ("AA"). By the time of the trial, the father was just a few days short of being "clean" for a year. The mother testified that the core of her husband's problems is his alcoholism. Nonetheless, the trial court still found the children were at risk.
*498 In conjunction with the alcoholism, the parties had a significant history of domestic disturbance in their 14-year marriage. However, no evidence was presented that any of the domestic violence occurred in the presence of the children. The most recent incident of violence occurred in the former marital home four months before the dependency petition was filed and two months before the father stopped drinking alcohol. The mother obtained an injunction against the father in May of 1999. Pursuant to the injunction, the father can only have supervised visits with his children. At the time of the trial, the father was not living in the marital home because of the injunction.
The children, despite the difficulties the father's alcoholism has brought into the family, appear to be doing quite well. The oldest daughter is in ROTC, the band, and making honor roll. The next oldest is in the band, cheerleading, and has kept up good grades. The older son has been in a gifted program for two years and is in the band. The younger boy, aged 6, is into karate and baseball.
As stated in In re M.F., 770 So.2d 1189, 1193 (Fla.2000), and quoted in W.T. v. Department of Children and Families, 787 So.2d 184 (Fla. 5th DCA 2001): "The purpose of a dependency proceeding is not to punish the offending parent but to protect and care for a child who has been neglected, abandoned, or abused." Like the child in W.T., the children in this case have not been neglected, abused or abandoned. Neither are they at risk of imminent abuse or neglect. See Richmond v. Department of Health and Rehabilitative Services, 658 So.2d 176, 177 (Fla. 5th DCA 1995). The father has not consumed alcohol for nearly a year. The mother, who obtained the injunction against the father, testified that the core of the father's problems was his abuse of alcohol.
The Department asserts that this court's decision in D.D. v. Department of Children and Families, 773 So.2d 615 (Fla. 5th DCA 2000), supports the trial court's finding of prospective neglect. In D.D., this court affirmed a finding of dependency where the child, on numerous occasions, had witnessed the father's abuse of the mother, and the evidence indicated, more likely than not, that the parents would resume their relationship and cycle of domestic violence. The child in that case, the lower court further found, was scared, sad, apprehensive and reluctant to discuss the matter. The lower court also noted the father's lack of reluctance to physically abuse the mother in front of the child and to commit acts of physical abuse in public.
D.D. does not support the trial court's ruling in this case. The children in this case, as noted, all appeared to be well-adjusted and keenly aware of the problem of their father's alcoholism. The father, unlike the parties in D.D., showed no sign of repeating the cycle of alcohol abuse and domestic violence. The mother, moreover, had the fortitude and good sense to obtain the injunction when the father was still struggling with his addiction. Again, the father, it was uncontested, had had no alcohol for nearly a year at the time of this proceeding. While the trial court criticized AA as only being a maintenance program rather than a treatment program, the father nonetheless, had "maintained" his non-lapse behavior for nearly a year.
The instant case is more akin to this court's more recent case of W.T. v. Department of Children and Families, 787 So.2d 184 (Fla. 5th DCA 2001). In W.T., this court reversed a dependency order as to a father because the trial court failed to make a finding of neglect, abuse or abandonment, and because moreover, based on the evidence, the trial court could not have made such a finding. Here, similarly, no *499 competent substantial evidence of prospective abuse or neglect was demonstrated.
While a trial court's discretion in a child welfare matter is broad, an adjudication not based on substantial competent evidence is not to be upheld. D.D. at 617. In Palmer v. Department of Health and Rehabilitative Services, 547 So.2d 981, 984 (Fla. 5th DCA 1989), dism'd, 553 So.2d 1166 (Fla.1989), this court set forth the standard to be applied in prospective abuse or neglect cases such as the instant one:
The issue in prospective neglect or abuse cases is whether future behavior, which will adversely affect the child, can be clearly and certainly predicted. If the parent is so afflicted that no reasonable basis exists for improvement then Courts may find prospective neglect or abuse.
The children appear to be well-adjusted; the father has successfully stayed off alcohol for nearly a year; the alcohol, by all accounts, was the source of, or at the heart of, the majority of the domestic discord. Under these circumstances, it cannot clearly be predicted that this father, in the future, is likely to abuse, neglect, or abandon the children he clearly loves and has helped to raise, so far, quite successfully.
ORDER REVERSED.
COBB and PALMER, JJ., concur.