DAVIS, Judge.
S.B., the mother, challenges the circuit court’s order adjudicating her son, E.B., dependent. In adjudicating E.B. dependent, the trial court found that the mother abused the child by exposing him to acts of domestic violence between the mother and her boyfriend; neglected the child by failing to maintain a stable residence and living in seven different places in eight months; and abandoned the child by failing to consistently and regularly provide child support to the maternal grandmother with whom the child stayed for two months. We reverse.
A child may be found dependent if the child has been “abandoned, abused, or neglected by the child’s parent or parents or legal custodians.” § 39.01(14)(a), Fla. Stat. (2001). “[T]he trial court’s findings as to abuse, abandonment, or neglect will be sustained if they are supported by competent substantial evidence.” In re D.J.W., 764 So.2d 825, 826 (Fla. 2d DCA 2000).
The Fourth District has interpreted abuse to “include harm caused by incidents of domestic violence, but it is limited to instances where the child sees or is aware of the violence occurring.” D.H. v. Dep’t of Children & Families, 769 So.2d 424, 427 (Fla. 4th DCA 2000). Here, the mother’s roommate testified that she came home one day to find the mother icing her wrist because she said her boyfriend had slammed a door on it. The witness was not present for the incident, however, and did not testify that the child was either. Accordingly, the trial court’s finding that the mother exposed the child to acts of domestic violence is not supported by competent substantial evidence of record.
Furthermore, while the trial court’s finding that the mother and child had changed residences seven times in eight months was supported by record evidence, such finding does not rise to the level of statutory neglect. Section 39.01(45) defines neglect as “when a child is deprived of, or allowed to be deprived of, necessary food, clothing, shelter, or medical treatment or a child is permitted *417 to live in an environment when such deprivation or environment causes the child’s physical, mental, or emotional health to be significantly impaired.” Here, no evidence was presented that the residential changes caused the child to be deprived of food, clothing, shelter, or medical treatment. Furthermore, there was no evidence that the environment created by those living arrangements caused the child significant impairment.
Similarly, the trial court’s finding that the mother did not financially support the child during the two months he stayed with his maternal grandmother, while supported by record evidence, does not meet the statutory definition of abandonment. Section 39.01(1) defines “abandoned” as “a situation in which the parent or legal custodian of a child ... while being able, makes no provision for the child’s support and makes no effort to communicate with the child.” The testimony here, from both the mother and the maternal grandmother, was that the mother attempted to retrieve the child from the maternal grandmother’s home at the conclusion of an approximately two-week-long vacation. When the mother was informed that the maternal grandmother would not return the child, at the behest of child protective services, she contacted the child by telephone and internet. Additionally, she gave the maternal grandmother authorization to seek medical treatment for the child if necessary. This conduct does not “evince a willful rejection of parental obligations. Nor would the evidence support a finding that the mother’s efforts were only marginal efforts to support and communicate with the [child] such that she failed to evince a settled purpose to assume parental duties.” S.C. v. Dep’t of Children & Families, 767 So.2d 579, 582 (Fla. 5th DCA 2000).
Because the trial court’s finding regarding the mother’s exposing the child to domestic violence is not supported by the record and because the trial court’s findings regarding changing residences and financial support do not rise to the statutory level of neglect or abandonment, we reverse.
Reversed.
ALTENBERND and CANADY, JJ., Concur.