846 So.2d 1273 (2003)
B.C., the Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D02-3949.
District Court of Appeal of Florida, Fourth District.
June 11, 2003.
*1274 Kathleen K. Pena of the Law Offices of Kathleen K. Pena, P.A., Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, Fort Lauderdale, for appellee.
STEVENSON, J.
B.C., the father of a now seven-year-old son, appeals an order adjudicating his son dependent. The dependency adjudication was predicated upon incidents of domestic violence between B.C. and his former wife and the father's alleged substance abuse. We agree that the father has exhibited less than commendable behavior, but the record does not demonstrate that the child has suffered, or is likely to suffer, adverse consequences as a result. Because the finding of dependency is not supported by competent, substantial evidence, we reverse.
The Domestic Violence
Chapter 39 defines a "dependent" child as one who is found by the court to have been abandoned, abused, or neglected by his or her parents or one who is "at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents." § 39.01(14)(a), (f), Fla. Stat. (2002). "Abuse" is defined as "any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." § 39.01(2) (emphasis added). Domestic violence falls within chapter 39's definition of "harm" if it occurs in the presence of the child. See D.H. v. Dep't of Children & Families, 769 So.2d 424, 427 (Fla. 4th DCA 2000); see also D.D. v. Dep't of Children & Families, 773 So.2d 615, 617-18 (Fla. 5th DCA 2000).
The petition for dependency was filed in July of 2002, and the hearing was held on August 26, 2002. Viewed in the light most favorable to sustaining the trial court's adjudication of dependency, see In re D.J.W., 764 So.2d 825, 826 (Fla. 2d DCA 2000), the evidence established that there were two instances of domestic violence in the presence of the couple's child, one in August 2000, following the couple's separation, and one in December 2000. In order to support an adjudication of dependency the parent's harmful behavior must be a present threat to the child. For example, in W.T. v. Department of Children & Families, 787 So.2d 184 (Fla. 5th DCA 2001), the trial court adjudicated the child dependent as a consequence of the acrimonious relationship between the child's mother and father. At the time, the parents were in the middle of a divorce. The Fifth District reversed because (1) there was no finding that the domestic violence had any effect on the child; (2) there was no evidence that the child had ever been mistreated by the father; and (3) since the parents were now separated, the circumstances that had troubled the trial court no longer existed. See id. at 185.
Here, the instances of domestic violence in the presence of the child occurred more than a year and a half prior to the dependency petition. When asked whether there had been any incidents with her former husband during the year preceding the hearing, the former wife could only point to the former husband's yelling on the occasions when they met to exchange custody of their son.[1] Moreover, the only *1275 expert to testify at the hearing, Dr. Sonal Pancholi, a clinical psychologist, stated that the child was at risk for developing social, emotional, behavioral, and academic problems only if the child was exposed to continuing conflict. In the instant case, the instances of domestic violence in the presence of the child are simply too remote in time to support an adjudication of dependency.
The Substance Abuse
A parent's alcohol and drug addictions can also provide grounds for an adjudication of dependency. Chapter 39's definition of "harm" includes a parent's "[c]ontinued chronic and severe use of a controlled substance or alcohol" if "the child is demonstrably adversely affected by such usage." § 39.01(30)(a), (g)2. Moreover, a parent's addictions can support a finding of prospective abuse or neglect sufficient to support an adjudication of dependency if the evidence establishes that the addiction will affect a parent's ability to provide and care for his or her child. See C.C. v. Dep't of Children & Family Servs., 812 So.2d 520, 522-23 (Fla. 1st DCA 2002).
Here, there was evidence that the father has a problem with marijuana and alcohol. There was, however, no evidence that the child had actually suffered any harm or injuryphysical, mental or emotionalas a consequence of the father's alcohol and drug use. There was no testimony that the father failed to meet the child's needs while the child was in his care, no testimony that physical harm had come to the child while in the father's care, and no testimony that the child had been emotionally or mentally harmed by his father's drinking and drug use.
The record also failed to support a finding of prospective abuse or neglect due to the father's alcohol or drug use. As the court observed in In re J.L., 824 So.2d 1023, 1025 (Fla. 2d DCA 2002):
While prospective neglect or abuse can be a basis for an adjudication of dependency [citation omitted], the Department must meet the statute's imminency requirement. As described in E.M.A. v. Department of Children & Families, 795 So.2d 183, 186 n. 3 (Fla. 1st DCA 2001):
The terms "prospective" and "imminent" are not defined in the statute. "`[P]rospective' simply means likely to happen," Padgett v. Department of Health & Rehabilitative Services, 577 So.2d 565, 566 n. 1 (Fla.1991), or "expected." American Heritage Dictionary of the English Language 1051 (1973). "Imminent" encompasses a narrower time frame and means "impending" and "about to occur." Id. at 658. Thus, while all imminent abuse or neglect is prospective, prospective abuse or neglect is merely in the future, but not necessarily about to happen.
Here, the clinical psychologist testified as to the prospect of neglect or abuse due to chronic alcohol and drug use by a parent, but not about its imminency in view of the husband's specific condition and circumstances.
REVERSED and REMANDED.
STONE and WARNER, JJ., concur.
NOTES
[1] We have not overlooked the fact that, the week prior to the dependency hearing, the wife obtained a temporary domestic violence injunction after the husband demanded that the child's babysitter permit him to see his son, despite a recently entered court order requiring supervised visitation. There was, however, no testimony from either the former wife or the child services investigator who responded to the incident that the husband was violent or threatened the wife or child.