STRINGER, Judge.
M.B., the Father, challenges the trial court’s order declaring his two children, K.B. and M.B., dependent as to him. Because the Department did not present any evidence that the Father poses a present threat of harm to the children, we reverse.
The facts at the adjudicatory hearing established that the Father and Mother began a relationship in 1996. K.B. and M.B. were the result of that relationship. On July 23, 2004, the Father and Mother got into an altercation after the Father learned that the Mother was cheating on him. During this altercation, the Father knocked the Mother down several times, punched her in the chest, and kicked at her legs. K.B., who was five years old at the time, and M.B., who was three years old, were in the room and witnessed these events. During the altercation, the telephone rang and the Father answered it. While the Father was on the phone, the Mother grabbed the children and fled the home.
At the adjudicatory hearing, the Mother testified that the July 2004 incident was the only time the Father had ever hit her during their eight-year relationship, and he had not touched her since. Because of this altercation and the information that started it, the Father and Mother have ended their relationship and are currently both involved in relationships with others. No evidence was presented at the adjudicatory hearing that the Father had ever engaged in any inappropriate behavior toward the children, and the record shows that the Father regularly attended his supervised visitation with them.
Based on this evidence, the trial court found that an incident of domestic violence had occurred in the presence of the children. The trial court then declared the children dependent as to the Father, approved the Department’s case plan, and ordered the Father to comply with it. The Father now appeals from this order.
Chapter 39 of the Florida Statutes is the sole and exclusive means by which the trial court can declare a child dependent. In the Interest of J.H., 535 So.2d 669, 670 (Fla. 2d DCA 1988). Chapter 39 defines a “dependent” child as one who is found by the court to have been abandoned, abused, or neglected by his or her parents or one who is “at substantial risk of imminent abuse, abandonment, or neglect by the parent or parents.” § 39.01(14)(a), (f), Fla. Stat. (2004). “Abuse” is defined as “any willful act or threatened act that results in any physical, mental or sexual injury or harm.” § 39.01(2). “Harm” is defined to include “engaging] in violent behavior that demonstrates a wanton disregard for the presence of a child and could reasonably result in serious injury to the child.” § 39.01(30)®.
Based on these statutory definitions, courts have held that domestic violence may constitute “harm” if it occurs in the presence of the child. In the Interest of E.B., 834 So.2d 415, 416 (Fla. 2d DCA *711 2003); D.H. v. Dep’t of Children & Families, 769 So.2d 424, 427 (Fla. 4th DCA 2000). However, the “presence” of the child must be something more than physical proximity. D.D. v. Dep’t of Children & Families, 773 So.2d 615, 617-18 (Fla. 5th DCA 2000). Instead, there must be some evidence that the child sees or is aware of the violence occurring. Id. at 618. Further, for “harm” resulting from witnessing domestic violence to constitute “abuse,” the domestic violence witnessed by the child must result in some physical, mental, or sexual injury to the child. § 39.01(2); W.T. v. Dep’t of Children & Families, 787 So.2d 184, 185 (Fla. 5th DCA 2001). Moreover, in order to declare a child dependent, the parent’s harmful behavior must pose a present threat to the child based on current circumstances. B.C. v. Dep’t of Children & Families, 846 So.2d 1273, 1274 (Fla. 4th DCA 2003); W.T., 787 So.2d at 185.
In this case, the trial court found that the Father committed an act of domestic violence in the presence of K.B. and M.B. The Department presented evidence that both K.B. and M.B. witnessed the altercation and were upset by it, including testimony that both were screaming and crying during the incident and that KB. was upset by the incident for a time after-wards. Thus, the trial court’s finding that domestic violence occurred in the presence of the children was supported by competent, substantial evidence. However, the Department presented no evidence that the children suffered any physical or mental injury as a result of witnessing the altercation or that the Father posed any current threat of harm to them. In the absence of such evidence, the trial court’s finding of dependency cannot stand.
For example, in B.C., the Fourth District noted that the domestic violence incidents proven by the Department occurred a year and a half before the petition was filed. 846 So.2d at 1274. During that year and a half, no further incidents occurred. Id. In addition, the evidence showed that the parents were no longer together in a relationship. Because of this, the Fourth District reversed the finding of dependency, noting that the prior incidents of domestic violence could not support a finding of a present threat to the child. Id. at 1275.
Similarly, in W.T., the Fifth District held that because the parents were living apart and in the midst of a divorce, the domestic violence situation which had concerned the trial court no longer existed. 787 So.2d at 185. Accordingly, because there was no evidence that placing the child with his father would endanger the child’s safety or well-being, the court reversed the adjudication of dependency.
In contrast, when there is a history of domestic violence and the parents’ relationship is ongoing, prior incidents of domestic violence can support a finding that a present threat of harm exists. For example, in T.R. v. Department of Children & Families, 864 So.2d 1278, 1280 (Fla. 5th DCA 2004), the court affirmed an order of dependency based on a single incident of domestic violence because there were indications in the record of prior incidents of domestic violence, the incident at issue had involved a deadly weapon, and there was evidence that the parents’ relationship was ongoing even though they lived apart. Similarly, in D.D., the court affirmed an adjudication of dependency because the child had witnessed multiple incidents of domestic violence and there was evidence that “the mother and father were more likely than not to continue their relationship in the future.” 773 So.2d at 616. Because of the continuing relationship, it was likely that the parents would continue to engage in acts of domestic violence, thereby subjecting the child to the threat of future harm. Id.
*712 In this case, the record shows that the only incident of domestic violence occurred on July 23, 2004. The petition for dependency was filed in September 2004, and the adjudicatory hearing was held in May 2005. The Department presented no evidence of any domestic violence occurring between July 2004 and May 2005. Further, the evidence showed that the parents are currently living apart and both have begun relationships with others. Thus, like in B.C. and W.T., the situation that gave rise to the domestic violence no longer exists, and the children are not exposed to a present threat of harm by continued acts of domestic violence. In addition, the Department presented no evidence that the safety and well-being of the children would be threatened if they were placed in their Father’s care. Under these circumstances, the Department’s evidence was insufficient to establish that K.B. and M.B. were “dependent” as the term is defined by the Florida Statutes.
As the supreme court has stated, “[t]he purpose of a dependency proceeding is not to punish the offending parent but to protect and care for a child who has been neglected, abandoned, or abused.” In re M.F., 770 So.2d 1189, 1193 (Fla.2000); see also § 39.501(2) (“The purpose of a petition seeking the adjudication of a child as a dependent child is the protection of the child and not the punishment of the person creating the condition of dependency.”). In this case, the evidence was insufficient to show that KB. and M.B. needed protection from their Father. Accordingly, we reverse.
Reversed and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.