977 So.2d 705 (2008)
J.S., Father of K.S., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D07-3892.
District Court of Appeal of Florida, Fifth District.
March 24, 2008.
*706 Shannon L. Reynolds, Ocala, for Appellant.
Susan W. Fox, of Fox & Loquasto, PA., Tampa, and Joyce M. Miller, Chief Legal Counsel, Department of Children & Families, Wildwood, for Appellee Department of Children and Families.
Annette M. Lizardo, Guardian Litem Program, Orlando, for GAL Program.
EVANDER, J.
J.S, the father, appeals from a dependency order finding him to be an offending parent. We reverse.
In May, 2007, then 21-month-old K.S. was removed from his mother by DCF and placed with relatives. Shortly thereafter, DCF filed a dependency petition which included allegations solely as to K.S.' mother. The mother consented to the allegations and K.S. was adjudicated dependent on July 24, 2007. The day prior, DCF filed a supplemental dependency petition, alleging that the father had abused, abandoned, or neglected K.S, or had placed the child at substantial risk of imminent abuse, abandonment, or neglect. Specifically, the supplemental petition alleged that the father had (1) abandoned the child, (2) engaged in domestic violence with the mother in the presence of the child which could have resulted in injury to the child, and (3) had failed to appropriately supervise the child.
The father denied the allegations and the case proceeded to an adjudicatory hearing. At the conclusion of the hearing, the trial court found that DCF had failed to prove the allegations of abandonment and negligent supervision, but had proved the allegations of domestic violence. The court subsequently entered a written order, finding the father to be an offending parent because:
The . . . father and mother have engaged in violent behavior/domestic violence for some time in the presence of the child, and which could have resulted in injury to the child, specifically an incident of domestic violence in which the child was taken from the mother's arms.
It is from this order that the father appeals.
We find that the trial court's conclusion was not supported by substantial competent evidence. The evidence, taken in the light most favorable to DCF, reflects that the father and mother ceased living together in March, 2006, when the child was seven months old. The parties were separated over sixteen months prior to the filing of the supplemental petition. There was no evidence that would suggest that the parties intend to live with each other again. (Indeed, it appears that the father married a different woman subsequent to his breakup with K.S.' mother.) During the period that K.S.' parents lived together, loud verbal arguments were apparently a regular occurrence. There was only one incident in which the mother testified that the father physically abused her. This incident occurred when the child was only a few weeks old. The mother testified that she "raised her hand" to the father during an argument. The father twisted her arm, took the child from the mother's other arm, and left the residence with the child. The other incident, which DCF contends is significant, occurred when the child was seven months old. After an argument with the father, the mother took the child and got into her car. By her own admission, she "sped off and "spun [her] *707 tires." According to the mother, the father followed her in a separate car and made unspecified threats to her during the parties' ensuing cell phone conversation. The father provided the only specifics regarding the contents of the cell phone conversation. He testified that he told K.S.' mother that "she needed to slow down with my son in the car." He also stated that after the mother threatened to damage his two cars, he responded "if you mess with my cars, I'm going to mess with your face."
The acrimonious relationship between these now-separated parents was insufficient, by itself, to warrant an adjudication of dependency. W.T. v. Dep't of Children and Families, 787 So.2d 184 (Fla. 5th DCA 2001). Furthermore, there was no evidence that the child was affected by the two alleged incidents of domestic violence. To the extent that the child was placed at risk of harm during either of these incidents, it appears that such risk was caused primarily by the mother. In the first incident, she raised her arm at the father while holding the child because he wanted to temporarily have the child. In the second incident, she drove in an arguably dangerous manner while the child was in her car.
The evidence was simply insufficient to support a finding that the father was an offending parent. C.W. v. Dep't of Children and Families, 789 So.2d 497 (Fla. 5th DCA 2001).
REVERSED.
PLEUS and ORFINGER, JJ., concur.