KAHN, J.
 

 Appellant, mother of T.B., Jr., appeals the trial court’s order adjudicating the child dependent, as well as the court’s subsequent disposition order withholding adjudication of dependency. Because the trial court’s findings, even if supported by competent, substantial evidence, do not meet the requirements to support an adjudication of dependency, we reverse.
 

 BACKGROUND
 

 In its amended petition for dependency, the Department of Children and Families (DCF) alleged the child’s parents abused or neglected him, or placed him at substantial risk of abuse. The allegations described an incident of domestic violence during which the mother allegedly choked the father while he was holding the three-month-old child. The petition also alleges the father slapped the mother during the incident. Based on these facts, DCF asserted the child was harmed by the parents’ violent behavior, because such behavior demonstrated a wanton disregard for the presence of the child, and could reasonably result in serious injury to the child.
 

 At an adjudicatory hearing, the father consented to dependency without admitting the allegations in the Petition. The mother did not consent. In its order, the trial court made a finding of dependency based upon the following: the child was in the care, custody and control of the parents at the time the “dependent status” arose; testimony from an expert on family violence established that domestic violence “does have an effect on a child,” and that factors concerning what domestic violence does to children “are evidence of harm to [this] child”; the parents showed a wanton disregard for the child’s presence during the incident of domestic violence; the parents’ statements conflicted as to what occurred; the parents minimized domestic violence; and the mother’s previous involvement with domestic violence created an atmosphere that had harmful consequences to the child. Based on these findings, the trial court adjudicated the child dependent.
 

 The mother timely appealed this order. After the notice of appeal, the trial court conducted a judicial review and entered an order addressing the father’s compliance with the ease plan and reflecting the child’s reunification with the father. The trial court also withheld adjudication of dependency, maintained visitation restrictions, and ordered the mother to complete the case plan to which she had previously objected.
 

 ANALYSIS
 

 For purposes of this case, a dependent child is one who has been abused by
 
 *138
 
 either or both parents, or who is at “substantial risk of imminent abuse” by the parents. § 39.01(14)(a), (f), Fla. Stat. (2007). An “abused” child is one who is subjected to “any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child’s physical, mental, or emotional health to be significantly impaired.” § 39.01(2), Fla. Stat. (2007). Harm includes “violent behavior that demonstrates a wanton disregard for the presence of a child and could reasonably result in serious injury to the child.” § 39.01(31)®, Fla. Stat. (2007).
 

 In ruling the three-month-old child dependent, the trial court relied in large part on an expert’s testimony that a child can be harmed by witnessing domestic violence. The court then concluded that general factors concerning the effect of domestic violence upon children constituted evidence that this child was harmed.
 

 Domestic violence may constitute harm if it occurs in the presence of a child.
 
 See, e.g., R.V. v. Dep’t of Children & Family Servs.,
 
 939 So.2d 200, 202 (Fla. 2d DCA 2006);
 
 M.B. v. Dep’t of Children & Family Servs.,
 
 937 So.2d 709, 710-11 (Fla. 2d DCA 2006);
 
 D.D. v. Dep’t of Children & Families,
 
 773 So.2d 615, 617-18 (Fla. 5th DCA 2000). A child’s presence must be something more than physical proximity, and some evidence must show that the child saw, or was aware of, the violence occurring.
 
 See M.B.,
 
 937 So.2d at 711;
 
 D.D.,
 
 773 So.2d at 617-18. Although harm resulting from witnessing domestic violence may constitute abuse, such violence must result in some physical or mental injury to the child.
 
 See M.B.,
 
 937 So.2d at 711;
 
 W.T. v. Dep’t of Children & Families,
 
 787 So.2d 184, 185 (Fla. 5th DCA 2001). Finally, to support a finding of dependency, the parents’ harmful behavior must pose a present threat to the child based on current circumstances.
 
 See M.B.,
 
 937 So.2d at 711;
 
 B.C. v. Dep’t of Children & Families,
 
 846 So.2d 1273, 1274 (Fla. 4th DCA 2003);
 
 W.T.,
 
 787 So.2d at 185.
 

 Here, the trial court made no findings that the three-month-old child was aware of the incident or was physically or mentally harmed. Instead, the trial court found that, because a child may be harmed by witnessing violence, this child was actually harmed. Significantly, the record contains no evidence that the child comprehended the incident, sustained any physical or mental injury, or was cognizant in any way of the parents’ poor behavior toward one another. Although the trial court found the parents showed wanton disregard for the child’s presence during the incident, it did not find that this could reasonably have resulted in injury to the child. Nor did the court explain how the parents’ “minimization” of the incident, the mother’s past history of being subjected to domestic violence, or the parents’ conflicting statements about what occurred during the incident “created an atmosphere for the child that has harmful consequences to the child,” sufficient to support a dependency finding.
 

 In
 
 M.B.,
 
 the parents were involved in an altercation during which the father knocked the mother down several times, punched her in the chest, and kicked her. 937 So.2d at 710. Their children, three and five years old, respectively, were in the room and witnessed the fight.
 
 Id.
 
 DCF presented evidence that the children were upset by witnessing the incident, including testimony that both were screaming and crying during the incident, and that one of the children was upset for some time afterwards.
 
 Id.
 
 at 711. The court held that, although the evidence would support a finding that the children witnessed the incident, DCF presented no evidence that the children suffered any
 
 *139
 
 physical or mental injury as a result, or that the father posed a current threat of harm to the children.
 
 Id.
 
 The court held that, in the absence of such evidence, the trial court’s finding of dependency could not stand.
 
 Id.
 
 at 711.
 

 The present facts are even less compelling. In the absence of any evidentiary finding that the child appreciated or suffered any physical or mental injury, or a finding that the mother posed a current threat of harm to the child, the trial court’s finding of dependency cannot stand.
 

 REVERSED.
 

 THOMAS and ROBERTS, JJ., concur.