PER CURIAM.
 

 C.R. (“the father”) appeals an order adjudicating his child, C.R. (“the child”), dependent based upon prior domestic violence between the father and the child’s mother. We reverse.
 

 The police responded to a domestic disturbance call at the family home, and took the child into state custody. After this incident, the parents separated. Subsequently, the trial court issued a permanent injunction for protection against domestic violence, and ordered the father to have no contact with the mother.
 

 The Florida Department of Children and Families (“the Department”) petitioned the court for an adjudication of dependency as to both the father and the mother. The mother pleaded to the adjudication. The father, however, denied the
 
 *989
 
 allegations of dependency, and the matter went to trial.
 

 At trial, the court heard from the father, the mother, the child, and a psychologist. The father and the mother admitted they previously engaged in acts of domestic violence in the presence of the child. However, the father stated that the couple had separated, and since the injunction was entered, he had no further contact with the mother. The child testified that her parents’ actions made her “sad.” The psychologist opined that the child was suffering because of the conditions that existed in the home, and that domestic violence in the home is a risk factor for problems that can emerge later in a child’s development.
 

 Based on this evidence, the trial court determined that the parents’ history of domestic violence supported “a finding that a present threat of harm exists and is likely to cause [the child] mental and emotional health harm.” Accordingly, the trial court entered the order adjudicating the child dependent as to the father.
 

 On appeal, the father asserts that the trial court erred in finding the child dependent as there was no showing that the father poses a present threat of harm to the child. The father asserts that the prior acts of domestic violence do not demonstrate a risk of present or future harm because the parents are separated and any contact between them has been enjoined by court order. The Department contends that the psychologist’s testimony supports the trial court determination that the child is in need of protection notwithstanding the parents’ separation and the injunction. We agree with the father.
 

 A child may be declared dependent when a parent’s harmful behavior poses a present threat to the child based on current circumstances.
 
 M.B. v. Dep’t of Children & Family Servs.,
 
 937 So.2d 709, 711 (Fla. 2d DCA 2006);
 
 B.C. v. Dep’t of Children & Families,
 
 846 So.2d 1273 (Fla. 4th DCA 2003);
 
 W.T. v. Dep’t of Children & Families,
 
 787 So.2d 184 (Fla. 5th DCA 2001). As the Fifth District pointed out in
 
 W. T.,
 
 where “the parents are now separated and live apart, the situation which concerned the trial court no longer exists,” and there is no reason to conclude that “placing the child with the natural father would endanger the child’s safety and well-being.” 787 So.2d at 185.
 

 Here, the evidence does not support the trial court’s conclusion that the father poses a risk of present or future harm to the child. The parents testified that they have separated. Additionally, a permanent court injunction was entered to prevent any contact between the parents. The father stated that since entry of the injunction, he has had no contact with the mother. Thus, the risk of harm associated with the domestic violence between the parents is no longer present. Moreover, there was no evidence of any other reason why placing the child with her natural father would endanger the child.
 

 Accordingly, we reverse the adjudication of dependency as to the father, and remand the case for further proceedings in accordance with this opinion.
 

 Reversed and remanded.