# Third District Court of Appeal

## State of Florida

Opinion filed May 24, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2409
Lower Tribunal No. 21-15441
_____

**B.W., The Mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Rosy Aponte, Judge.

Thomas Butler, P.A., and Thomas J. Butler, for appellant.

Karla Perkins, for appellee Department of Children & Families; Marshall Dennehey Warner Coleman & Goggin, and Kimberly Kanoff Berman (Fort Lauderdale); Sara E. Goldfarb (Tallahassee), for appellee Guardian ad Litem.

Before HENDON, MILLER, and LOBREE, JJ.

PER CURIAM.

Appellant, B.W., the mother, appeals from an adjudication of dependency as to her minor child. The petition for dependency, filed below, alleged a myriad of grounds, but the adjudicatory hearing focused on a discrete series of domestic incidents. At the conclusion of the hearing, the lower court granted the petition on the basis that "the [m]other displayed lack of behavioral control and impulse control and that there is a substantial risk of harm to the [c]hild because the [m]other has a poor understanding of how the violent behavior taking place affects her [c]hild." Relying upon the opinion of our sister court in C.W. v. Dep't of Child. & Fams., 10 So. 3d 136 (Fla. 1st DCA 2009), as well as the opinion of this court in C.R. v. Dep't of Child. & Fams., 45 So. 3d 988 (Fla. 3d DCA 2010), we find the record devoid of competent, substantial evidence the child was "abandoned, abused, or neglected," or at "substantial risk of imminent abuse, abandonment, or neglect" by the mother. § 39.01(14)(a), (f), Fla. Stat. (2021); see also C.W., 10 So. 3d at 138–39 (reversing trial court's finding of dependency of three-month-old child where record contained no evidence that child was aware of domestic violence incident or was physically or mentally harmed); C.R., 45 So. 3d at 989 (finding past history of domestic abuse insufficient to support finding of dependency where child's parents separated, and court injunction was entered to prevent any contact between parents); In re K.B., 937 So. 2d

2

709, 711 (Fla. 2d DCA 2006) ("[T]he Department presented no evidence that the children suffered any physical or mental injury as a result of witnessing the [domestic violence] altercation or that the Father posed any current threat of harm to them. In the absence of such evidence, the trial court's finding of dependency cannot stand."); In re N.F., 82 So. 3d 1188, 1196 (Fla. 2d DCA 2012) (holding allegation of domestic violence between child's parents was insufficient to justify termination of parental rights where there "was no assertion that the child had witnessed or been affected by the mother's battery of others or by their battery of her"); R.S. v. Dep't of Child. & Fams., 881 So. 2d 1130, 1133–35 (Fla. 4th DCA 2004) (finding father's poor parenting skills, lack of attachment to children, and substance abuse and anger management issues constituted insufficient evidence that children were at substantial risk of imminent harm to justify adjudication of dependency); B.J. v. Dep't of Child. & Fams., 190 So. 3d 191, 195 (Fla. 3d DCA 2016) (reversing trial court's order of adjudication of dependency of minor child where Department of Children and Families failed to demonstrate requirement under section 39.01(14)(f) of substantial risk of imminent abuse); In re J.L., 824 So. 2d 1023, 1025 (Fla. 2d DCA 2002) (reversing adjudication of dependency where evidence was insufficient "to establish a nexus between the father's health issues and his potential to harm or neglect

3

J.L."). Accordingly, "[i]n the absence of any evidentiary finding that the child appreciated or suffered any physical or mental injury, or a finding that the mother posed a current threat of harm to the child, the trial court's finding of dependency cannot stand." C.W., 10 So. 3d at 139. We therefore reverse the order under review without prejudice to the Department to reinstitute dependency proceedings, if appropriate, at such time as it is evident that such action is warranted.

Reversed and remanded.