# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0900
Lower Tribunal No. 24-15416-DP
_____

**Y.T., the Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Angelica D. Zayas, Judge.

Birnbaum, Lippman & Gregoire, PLLC, Nancy W. Gregoire Stamper (Fort Lauderdale), Law Offices of Brett P. Rogers, P.A., and Brett P. Rogers (Fort Lauderdale), for appellant.

Karla Perkins, B.C.S., for appellee Department of Children and Families.

Sara Elizabeth Goldfarb and Laura J. Lee (Tallahassee), for appellee Guardian ad Litem.

Before FERNANDEZ, MILLER, and BOKOR, JJ.

PER CURIAM.

Appellant, Y.T., the father, appeals an order adjudicating his minor child dependent under section 39.01, Florida Statutes (2024). The base allegations supporting dependency related to abuse the child suffered at the hands of the mother within a one-week period. Because undisputed facts of record established the father, who is now remarried, promptly investigated the incidents after learning of them, brought the child to a pediatrician, filed a report with law enforcement, cooperated with authorities, and implemented a plan to preclude the mother from unsupervised contact with the child, we reverse the order of dependency and find the evidence was legally insufficient to establish the father presented a present threat to the child. See B.J. v. Dep't of Child. & Fams., 190 So. 3d 191, 194 (Fla. 3d DCA 2016) ("To support an adjudication of dependency, the parent's harmful behavior must be a present threat to the child."); C.R. v. Dep't of Child. & Fams., 45 So. 3d 988, 989 (Fla. 3d DCA 2010) ("[T]he evidence does not support the trial court's conclusion that the father poses a risk of present or future harm to the child. The parents testified that they have separated. Additionally, a permanent court injunction was entered to prevent any contact between the parents. The father stated that since entry of the injunction, he has had no

contact with the mother."); In re K.B., 937 So. 2d 709, 711 (Fla. 2d DCA 2006) ("[I]n order to declare a child dependent, the parent's harmful behavior must pose a present threat to the child based on current circumstances."); W.T. v. Dep't of Child. & Fams., 787 So. 2d 184, 185 (Fla. 5th DCA 2001) ("Since the parents are now separated and live apart, the situation which concerned the trial court no longer exists. The evidence which was presented did not show that placing the child with the natural father would endanger the child's safety and well-being.").

Reversed and remanded.