939 So.2d 200 (2006)
In the Interest of K.V., a child.
R.V., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES and GUARDIAN AD LITEM PROGRAM, Appellees.
Case No. 2D06-533.
District Court of Appeal of Florida, Second District.
Opinion filed October 6, 2006.
David A. Dee, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tanya E. DiFilippo, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
Patricia M. Propheter, Orlando, for Appellee Guardian Ad Litem Program.
VILLANTI, Judge.
R.V., the Father, appeals the trial court's order declaring his daughter, K.V., dependent as to him. Because the Department of Children and Family Services failed to present any evidence that the Father poses a present threat of harm to K.V., we reverse.
The facts at the adjudicatory hearing established that K.V.'s mother (not a party to this appeal) had abandoned the family and that the Father and K.V. were living with the paternal grandparents. On August 21, 2005, there was an incident in the grandparents' home resulting in the Father's arrest for domestic violence and abuse against the grandmother. Several days later, while the Father was still in jail, the grandmother called the Department because she was no longer able to care for K.V. No criminal charges were filed against the Father.
At the adjudicatory hearing, the Father and the grandmother denied that any domestic violence had occurred on August 21. The Department presented the testimony of the responding sheriff's deputy, who testified as to what the grandmother had told him on August 21, and the testimony of the child protective services investigator, who testified as to what the grandmother had told her on August 24. Both the deputy and the investigator testified that the grandmother had told them that K.V. was present during the incident. The trial court found the Father and the grandmother's testimony to not be credible and adjudicated K.V. dependent.
Section 39.01(14), Florida Statutes (2005), in pertinent part, provides:
"Child who is found to be dependent" means a child who . . . is found by the court:
(a) To have been abandoned, abused or neglected by the child's parent. . . .
. . . .
(f) To be at substantial risk of imminent abuse, abandonment, or neglect by the parent. . . .
"`Abuse' means any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired." § 39.01(2). "Harm" is defined to occur when any person "[i]nflicts or allows to be inflicted upon the child physical, mental, or emotional injury." § 39.01(30)(a).
Courts have held that domestic violence may constitute harm if it occurs in the presence of the child. See M.B. v. Dep't of Children & Family Servs. (In re K.B.), 31 Fla. L. Weekly D2195 (Fla. 2d DCA Aug. 18, 2006), and cases cited therein.
However, the "presence" of the child must be something more than physical proximity. Instead, there must be some evidence that the child sees or is aware of the violence occurring. Further, for "harm" resulting from witnessing domestic violence to constitute" abuse," the domestic violence witnessed by the child must result in some physical, mental, or sexual injury to the child. Moreover, in order to declare a child dependent, the parent's harmful behavior must pose a present threat to the child based on current circumstances.
Id. at D2195 (citations omitted).
Here, although the court found credible the hearsay testimony that the Father had committed domestic violence in the presence of K.V., there was no evidence that K.V. was aware that the violence occurred. Additionally, the Department presented no evidence that K.V. "suffered any physical or mental injury as a result of witnessing the altercation or that the Father posed any current threat of harm to [her]." Id. Absent competent substantial evidence in the record to support the dependency adjudication, the adjudication cannot stand. See R.F. v. Fla. Dep't of Children & Families (In re M.F.), 770 So. 2d 1189, 1192 (Fla. 2000).
Because there was no competent substantial evidence to support the trial court's finding of dependency as to the Father, we reverse.
Reversed.
FULMER, C.J., and WALLACE, J., Concur.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.