NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| In the Interest of A.R., a child. | ) | |
| _____ | ) | |
| | ) | |
| R.R., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D13-3036 |
| | ) | |
| M.M., | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed July 18, 2014.

Appeal from the Circuit Court for Collier
County; Elizabeth V. Krier, Judge.

Radha Rothrock of Rothrock Law Firm PL,
Bonita Springs, for Appellant.

Cary Alan Cliff of Cary Alan Cliff, P.A.,
Naples, for Appellee.


KHOUZAM, Judge.

The Father appeals the final judgment terminating his parental rights to his minor child, A.R. On August 16, 2012, the Mother filed a private petition for involuntary termination of the Father's parental rights, arguing that the Father's parental rights should be terminated pursuant to—among other grounds—section 39.806(1)(d)(1),

Florida Statutes (2012). That section provides for termination of parental rights where "[t]he period of time for which the parent is expected to be incarcerated will constitute a significant portion of the child's minority." After a hearing, the court granted the petition and terminated the Father's parental rights on this ground.

On appeal, the Father argues that the circuit court erred by failing to find that termination was the least restrictive means of preventing harm to the child and failing to adequately support its finding that termination was in the child's manifest best interests. He also claims that the court erred by not allowing him to present evidence that the Mother thwarted his efforts to maintain a relationship with the child, finding that such evidence was irrelevant to an analysis under section 39.806(1)(d)(1). We agree that the court erred and therefore reverse for a full evidentiary hearing.

The Florida Supreme Court has held that in addressing the termination of parental rights under section 39.806(1)(d)(1), a court must not only consider the length of the parent's incarceration but also whether termination is the least restrictive means of protecting the child from harm and in the manifest best interests of the child. See B.C. v. Fla. Dep't. of Children & Families, 887 So. 2d 1046, 1053 (Fla. 2004). The incarcerated parent's relationship with the child and efforts to maintain that relationship while in prison are relevant to these inquiries. As the supreme court has stated:

> Termination of the parental rights of a parent who has played a supportive and beneficial role in the child's life despite the disabilities of incarceration probably would not meet these additional statutory and constitutional criteria. Cf. [In Interest of B.W., 498 So. 2d 946, 948 (Fla. 1986)] (stating that "efforts, or lack thereof," by incarcerated parent "to assume his parental duties through communicating with and supporting his children must be measured against his limited opportunity to assume those duties while imprisoned"). Further, termination of an incarcerated parent's rights when

another parent retains custody, which is permitted under section 39.810(3), Florida Statutes, would in many cases be contrary to the child's best interests if the custodial parent facilitates contact with the incarcerated parent.

In sum, termination cannot rest exclusively on the length of incarceration. The actual effect of incarceration on the parent-child relationship must also be considered in light of the additional statutory and constitutional requirements. As we recently stated in [Florida Department of Children & Families v. F.L., 880 So. 2d 602 (Fla. 2004)] concerning the court's obligation to assess when termination is the least restrictive means of protecting the child from serious harm, the termination decision as a whole "can be made only after a judicious assessment of all relevant circumstances." 880 So. 2d at 608. We are confident that trial judges will diligently apply all the statutory and constitutional criteria in ruling on petitions for termination.

Id. at 1053-54.

Here, the court completely failed to address in its final judgment whether termination was the least restrictive means of protecting the child. And though the court did recite the required statutory factors on the manifest best interests of the child, the findings on these factors show that the court placed undue focus on the fact that the Father was incarcerated, failing to consider other relevant factors, such as the nature of the Father's relationship with the child. Indeed, the record shows that the court limited questioning about the Father's attempts to maintain a relationship with the child and the extent to which the Mother thwarted the relationship between the Father and the child. So the court did not give the Father the opportunity to present evidence on this important factor. Accordingly, we reverse and remand for a full evidentiary hearing.

Reversed and remanded.

MORRIS and SLEET, JJ., Concur.