FERNANDEZ, J.
KB.L.V. appeals the dismissal of his private petition for dependency in which he sought a finding of abandonment as to his father, pursuant to section 39.01(15), Florida Statutes (2013). We affirm because there is no evidence to support KB.L.V.’s dependency adjudication as an abandoned child within the meaning of section 39.01(1).
KB.L.V. was seventeen years old at the time he filed his petition. It is undisputed that KB.L.V.’s father abandoned him in KB.L.V.’s native country of Honduras. The father neither established a relationship with him nor provided any financial support. The father never exercised any parental rights or responsibilities over KB.L.V., and he consented to KB.L.V.’s dependency petition. KB.L.V. entered the United States on or about September 2013, and he reunited with his mother in Florida where he currently resides.
KB.L.V. sought to have himself de^ dared dependent as to his father, pursuant to section 39.01(15)(a) and/or (f), Florida Statutes (2013). This finding would then allow him, as an alien minor, to apply for Special Immigrant Juvenile status (“SIJS”). See 8 U.S.C. § U01(a)(27)(J)(i).[1] KB.L.V. in turn could apply for lawful permanent residency (a green card) and secure a path toward citizenship without which KB.L.V. is subject to deportation to Honduras.
At the adjudicatory hearing on the petition, the trial court found that the father’s abandonment was too remote in time and that K.B.L.V. was living with his mother. The Department of Children and Families added that “due to the remoteness of the abandonment, there is an issue of the lack of harm or the lack of imminent risk of harm, imminent being the key issue.” The department took the position that KB.L.V. “had an appropriate care giver and there was no harm or any risk of harm” to him.
The trial court dismissed the petition. In its Order, the court found that KB.L.V. had lived with his natural mother since September 13, 2013. The court found and accepted as true the statements in the petition, but considered the father’s abandonment to be too remote in time for the court to make a dependency adjudication. The court further found that the alleged abandonment occurred in 2003.[2]
K.B.L.V. moved for rehearing, which the court denied. He argued that there is no remoteness time limitation to abandonment under Florida law. KB.L.V. further argued that a failure to find him depen *299 dent as to his father would place him in substantial risk of deportation which would result in imminent further abandonment and neglect.
K.B.L.Y. additionally argues that dependency may be found as to his father, although K.B.L.V. lives with his mother. Furthermore, the court’s failure to find K.B.L.V. dependent as to his father will have a real and adverse consequence. K.B.L.V. will be at a substantial risk of imminent further abandonment and neglect. K.B.L.V. will be unable to apply for and receive SIJS without which he will likely face deportation to Honduras where he will not have any immediate family member who can provide him with food and shelter.
The department takes no position in this appeal. Neither did the department oppose the petition below. ' The department’s position below was based on the legislative requirement, pursuant to . section 39.521(b)l, Florida Statutes (2014), to provide protective supervision over the minor’s placement upon an adjudication of dependency. K.B.L.V., however, never sought any services from the department and has since attained the age of majority.
We disagree that K.B.L.V. is a dependent child found to have been abandoned, abused, or neglected. A de novo standard governs this Court’s review of the trial court’s application of the correct law. See C.R. v. Dep’t of Children & Family Servs., 53 So.3d 240, 242 (Fla. 3d DCA 2010); G.C. & D.C. v. Dep’t of Children & Family Servs., 791 So.2d 17, 19 (Fla. 5th DCA 2001). The purpose of chapter 39, Florida Statutes (2013), is:
To provide for the care, safety, and protection of children in an environment that fosters healthy social, emotional, intellectual, and physical development; to ensure secure and safe custody; to promote the health and well-being of all children under the state’s care; and to prevent the occurrence of child abuse, neglect, and abandonment.
See 39.001(l)(a), Fla. Stat. (2013). Chapter 39 defines a dependent child as a child who, consistent with the trial court’s findings, has “been abandoned, abused, or neglected by the child’s parent or parents or legal custodians”, or a child who is “at substantial risk of imminent abuse, abandonment or neglect by the parent or parents or legal custodians.” § 39.01(15)(a),(f), Fla. Stat. (2013).
K.B.L.V. correctly argues that the alleged abuse or neglect need not occur within a specified time prior to the filing of a petition for dependency. A literal meaning of the statute permits a court to adjudicate a child dependent, provided that the child was abused or neglected at any time, regardless of whether the child is at risk of further abuse or neglect at the time of adjudication.
In the absence of a continuing threat of harm, however, incidents óf alleged abuse found too remote in time will generally not support a dependency adjudication. See, e.g., In re K.V., 939 So.2d 200, 202 (Fla. 2d DCA 2006) (where instances of domestic violence in the presence of the child were too remote in time to support an adjudication of dependency); B.C. v. Dep’t of Children & Families, 846 So.2d 1273, 1274 (Fla. 4th DCA 2003) (stating that “[i]n order to support an adjudication of dependency, the parents’ harmful behavior must be a present threat to the child”). Furthermore, as K.B.L.V. also correctly argues, the court need only find dependency as to one parent. See § 39.01(15), Fla. Stat. (2013).
Moreover, the uncontested allegations do not involve a continuing threat of substantial risk of imminent abuse, abandonment, or neglect so to support a dependen *300 cy adjudication where, as here, the threat is essentially deportation. It is apparent that K.B.L.V. sought a dependency adjudication to secure a certain immigration status or SIJS, rather than to obtain relief from abuse, neglect, or abandonment. This alone is an invalid basis upon which to qualify for a declaration of dependency consistent with the definition of the term dependency pursuant to chapter 39.
In ordinary dependency cases, chapter 39 charges courts with the responsibility to ensure that children under its jurisdiction are cared for in a safe and secure environment. See, e.g.,. § 39.001(l)(a), Fla. Stat. (2013). K.B.L.V. is in a safe and secure environment in the -custody of his mother such that he is not in substantial risk of imminent abuse, abandonment, or neglect.
This is unlike the case, for example, In re Y.V., 160 So.3d 576 (Fla. 1st DCA 2015). In that case, the petitioner lived with his uncle, his non-legal custodian. Id. at 577. The trial court dismissed the petition because the events that gave rise to the dependency grounds occurred outside the State of Florida, and the court found that the petition was an attempt to circumvent federal immigration laws. Id., at 577-80. The . district court reversed and remanded for further proceedings, concluding that the petition established a prima facie case •of dependency. Id. at 581. K.B.L.V., however, lives with his mother who is his legal custodian. Additionally, the trial court conducted an adjudicatory hearing prior to the dismissal of KB.L.V.’s petition.
We therefore affirm the Amended Order Dismissing Private Petition for Dependency because there is no evidence to support K.B.L.V.’s dependency adjudication as an abandoned child within, the meaning of section 39.01(1).
Affirmed.

. In addition to a dependency adjudication, the alien minor must also obtain what is commonly referred to as a “best interest order” in which a court finds that "it would not be in the alien’s best interest to be returned” to their country of origin. See 8 U.S.C. § 1101(a)(27)(J)(i). Thus, an alien minor is unable to apply for SIJS absent a dependency adjudication and best interest order.

. The court thereafter sua sponte entered an amended order in which the court found that the "alleged abandonment occurred at birth.”