FERNANDEZ, J.
Bernard P. Perlmutter for Americans for Immigrant Justice, Florida’s Children First, University of Miami School of Law Children & Youth Law Clinic and Immigration Clinic, as amicus curiae.
B.Y.G.M. appeals the trial court’s denial of her private petition for dependency in which she sought an adjudication of dependency based on abandonment and neglect by' her father. We affirm because the evidence is insufficient to support a finding of abandonment or neglect.
B.Y.G.M. is a native of El Salvador who was seventeen years old when she filed her petition. B.Y.G.M.’s father abandoned her when she was eight months old. He never visited or contacted her. He never provided financial or emotional support.
B.Y.G.M.’s mother left for the United States when B.Y.G.M. was three years old. B.Y.G.M. lived with her grandparents in El Salvador. She has a close relationship with them, but they were not able to protect her against alleged life threats and harassment from local gang members. In 2014, B.Y.G.M. fled to -the United States where she lives with her mother.
The trial court heard B.Y.G.M.’s petition for dependency based on abandonment and neglect by her father. B.Y.G.M. argued that she qualified for Special Immigrant Juvenile Status or “SIJS.” See 8 *292 U.S.C. § 1101(a)(27)(J)(i). SIJS is a visa that enables a child to apply for lawful permanent residency (a green card) after which the child can seek citizenship. To be eligible for SUS, a court must declare an alien minor dependent. Id. The court must also find that it would not be in the alien child’s best interest to be returned to their country of origin. Id. This finding is contained in what is commonly referred to as a “best interest order.” B.Y.G.M. also argued that, if she. is returned to El Salvador, she will have no one there to care for her or protect her.
The trial court denied the petition, holding that B.Y.G.M. was not dependent, pursuant to section 39.01(15)(e), Florida Statutes (2013). The court found . that B.Y.G.M. has a parent, her mother, who is capable of providing B.Y.G.M. with supervision and care.
B.Y.G.M. moved for reconsideration. On rehearing, the department challenged the petition.[1] The court heard testimony from. B.Y.G.M. ‘and her mother. B.Y.G.M. maintained that she had proven thé grounds necessary for an adjudication of dependency based on abandonment and neglect. She argued that there is no remoteness limitation on a petition for dependency based on abandonment because parents have an ongoing duty to care for their children. She further argued that Florida law allows for a finding of dependency based on the abandonment of one parent.
The department argued that, while the father had a duty to support B.Y.G.M., the purpose of chapter 39 was not the enforcement of child support but to ensure the secure and safe custody of a child.[2] The court denied the motion.,
The department takes no position in this appeal. B.Y.G.M. has attained the age of majority, and the department is no longer required to supervise her placement.
*293 A de novo standard governs this Court’s review of the trial court’s denial of B.Y.G.M.’s petition. See C.R. v. Dep’t of Children & Family Servs., 53 So.3d 240, 242 (Fla. 3d DCA 2010); G.C. & D.C. v. Dep’t of Children & Family Servs., 791 So.2d 17, 19 (Fla. 5th DCA 2001).
We agree with the trial court’s determination that there is no support for an adjudication of dependency. The, father’s abandonment was, as the court correctly found, too remote to serve as a basis for dependency and did not cause B.Y.G.M. any harm. See, e.g., In re K.V., 939 So.2d 200, 202 (Fla. 2d DCA 2006) (concluding that instances of domestic violence in the presence of the child were too remote in time to support an adjudication of dependency); B.C. v. Dep’t of Children and Families, 846 So.2d 1273, 1274 (Fla. 4th DCA 2003) (stating that “[i]n order to support an adjudication of dependency, the parents’ harmful behavior must be a present threat to the child”).[3]
Furthermore, chapter 39 defines a dependent child as a child who, consistent with the trial court’s findings, has “been abandoned, abused, or neglected by the child’s parent or parents or legal custodians”, or a child who is “at substantial risk of imminent abuse, abandonment or neglect by the parent or parents or legal custodians.” § 39.01(15)(a),(f), Fla. Stat. (2013). There is no evidence that B.Y.G.M. is at substantial risk of imminent abuse, abandonment ’or neglect.' She is secure and safe in the custody of her mother who provides supervision and care.
This is unlike the case, for example, of In re Y. V., 160 So.3d 576 (Fla. 1st DCA 2015). In that case, the petitioner lived with his uncle, his non-legal custodian. Id. at 577. The trial court dismissed the petition because the events that gave rise to the dependency grounds occurred outside the State of .Florida, and the court found that the petition was an attempt to circumvent federal immigration laws. Id. at 577-80. The district court reversed and remanded for further proceedings, concluding that the petition established a prima facie case of dependency: Id. at 581. B.Y.G.M., however, lives with her mother who is her legal custodian. Additionally, the trial court conducted an adjudicatory hearing prior to the denial of B.Y.G.M.’s petition.
' We recognize that the trial court’s denial of B.Y.G.M.’s petition simultaneously denies B.Y.G.M. the ability to seek federal relief in the form of SIJS. It is understood that B.Y.G.M. filed her petition to secure SIJS, and that she did not do so in order to obtain relief from abuse, abandonment, or neglect. There is, however, simply no basis for a declaration of dependency under these circumstances where there is neither substantial risk of imminent abuse, abandonment or neglect, nor the absence of a parent or legal custodian incapable of providing supervision and care.
For the foregoing reasons, we affirm the trial court’s denial of B.Y.G.M.’s private petition for dependency.
Affirmed.

. The department appeared for the first time on rehearing. But the department’s appearance at this stage is certainly not a happenstance occurrence, or even an impermissible one. Chapter 39 is silent as to whether the department is an automatic party to all dependency proceedings. See Chapter 39, Florida Statutes (2013). There is no Florida court that has so held, either.
The department, as most frequently occurs, is absent in proceedings that involve private petitions. See, e.g., In re Y.V., 160 So.3d 576, 577-81 (Fla. 1st DCA 2015)(stating that Y.V. did not request any services from the state; reversing the dismissal of a private petition and remanding for an adjudicatory hearing because prima facie case of dependency was established); In re A.R., 143 So.3d 449, 449-50 (Fla. 2d DCA 2014)(involving the mother's private petition for involuntary termination of an incarcerated father's parental rights; reversing and remanding for full evidentiary hearing); Fla. Dep’t of Children & Families v. Y.C., 82 So.3d 1139 (Fla. 3d DCA 2012)(stat-ing that the department filed a limited appearance in response to a request that the trial court order the department to file a case plan and provide services, following the department’s determination that it did not have to intervene in the mother's petition filed against herself; granting certiorari relief in department’s favor); In re T.J., 59 So.3d 1187, 1188 n. 1 (Fla. 3d DCA 2011)(noting that the department did not brief or argue either side of the issue below or on appeal; reversing the summary denial of an amended private petition and remanding for further proceedings).
At no time did B.-Y.G.M. request any services from the State.

. Chapter 39, Florida Statutes (2013), states that its purpose is:
To provide for the care, safety, and protection of children in an environment that fosters healthy social, emotional, intellectual, and physical development; to ensure secure and safe custody; to promote the health and well-being of all children under the state’s care; and to prevent the occurrence of child abuse, neglect, and abandonment.
■See § 39.001(l)(a), Fla. Stat. (2013).

. The court also rejected the argument that dependency can turn on the actions of a single parent. However, section 39.01 allows a court to find dependency as to one parent. See § 39.01(15), Fla. Stat. (2013).