# Third District Court of Appeal

## State of Florida

Opinion filed December 30, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-579
Lower Tribunal No. 15-15153

_____

**In the Interest of:**
**E.P.N., a minor child,**

Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Maria Sampedro-Iglesia, Judge.

Baker & McKenzie LLP and Steven Hadjilogiou, Robert H. Moore, Angela C. Vigil, Jennifer J. Wioncek and Daniel W. Hudson; FIU College of Law Immigrant Children's Justice Clinic and Ricardo J. Rodriguez, Mary M. Gundrum, and Ingrid Cepero, Certified Legal Intern, for appellant.

Karla Perkins, Appellate Counsel for Department of Children & Families.

Before SHEPHERD, SALTER and LOGUE, JJ.

PER CURIAM.

Affirmed.   In the Interest of B.R.C.M., 3D15-962 (Fla. 3d DCA Dec. 30, 2015); In re B.Y.G.M., 176 So. 3d 290 (Fla. 3d DCA 2015); In re K.B.L.V., 176 So. 3d 297 (Fla. 3d DCA 2015).

LOGUE, J., concur.

SALTER, J. (dissenting).

I respectfully dissent. E.P.N.'s "private petition" for dependency, filed on behalf of an undocumented, seventeen-year-old immigrant, warrants individualized consideration and adjudication rather than summary denial. E.P.N.'s petition seeks an adjudication that would assist her in applying for "special immigrant juvenile" (SIJ) status under federal immigration law,[1] but that is not a basis for dismissing or denying the petition. Her request for appellate review of the summary dismissal order also merits and requires more than a citation per curiam affirmance.

E.P.N.'s appeal was argued before the same panel, and on the same day, as the appeal from a summary denial order in another immigrant juvenile case, In re B.R.C.M.[2] I have also dissented in that case,[3] and the majority and dissenting opinions in both of these cases will be issued the same day. Although I rely upon the same analysis and reach the same recommendations for reversal or for certification in both cases, for the sake of brevity I will limit this dissent to a discussion of the facts unique to E.P.N.'s case. Those slightly different facts do

---

[1] 8 U.S.C. § 1101(a)(27)(J); see also § 39.5075, Fla. Stat. (2015).

[2] In re B.R.C.M., No. 3D15-962 (Fla. 3d DCA Dec. 30, 2015).

[3] Id. (Salter, J., dissenting).

3

not, in my view, compel a result or analysis different than those I detailed in my dissent in In re B.R.C.M.

Both E.P.N. and B.R.C.M. fled Guatemala as teenagers and were detained by federal immigration authorities after crossing into the United States without documentation. E.P.N. was released by the Office of Refugee Resettlement to her mother in Homestead, while B.R.C.M. was released to his godmother in Miami. E.P.N.'s petition alleged that she was abandoned by her father and thus dependent under section 39.01(15)(a), Florida Statutes (2015). She also alleged abuse by her mother and father within the past two years, when her parents left her with a relative who beat and otherwise abused her. She sought a determination of dependency as to each parent on those grounds under section 39.01(15)(f), Florida Statutes (2015).

In other respects, the records are substantially similar—summary denial by the circuit court, with a citation to In re E.G.S.-H., 22 Fla. L. Weekly Supp. 693b (Fla. 11th Cir. Ct. Jan. 27, 2015), after an eight-minute hearing at which no evidence was taken. There were no adjudicative findings as to either parent. In each case, the Florida Department of Children and Families took no position in the circuit court or on appeal. In my view, E.P.N.'s petition alleged a prima facie basis for her claims of dependency, and the order below should be reversed and remanded for further proceedings.

I respectfully dissent, relying on the analysis and recommendation for certification to the Supreme Court of Florida set forth in my dissent in <u>In re B.R.C.M.</u>