DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J.,** a child,
Appellant,

v.

**FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D15-4026

[March 16, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Moses Baker, Jr., Judge; L.T. Case No. 2015DP300528.

Nazli Sonmez Matt of Legal Aid Society of Palm Beach County, Inc., West Palm Beach, for appellant.

Meredith K. Hall of Children's Legal Services, Bradenton, for appellee.

DAMOORGIAN, J.

R.J., a minor at the time of the proceedings below who has since reached the age of majority,[1] appeals the trial court's order granting his

---

[1] Although R.J. is currently over the age of eighteen, he is not yet twenty-one. Section 39.6251 of the Florida Statues provides that "[a] child who is living in licensed care on his or her 18th birthday and who has not achieved permanency under s. 39.621 is eligible to remain in licensed care under the jurisdiction of the court and in the care of the department" so long as he or she is under twenty-one and meets certain additional criteria. § 39.6251(2), Fla. Stat. (2014). The administrative rule concerning section 39.6251 provides that "[a] young adult is considered to have been living in licensed care on the date of his or her 18th birthday if the young adult was in the legal custody of the Department on the date of his or her 18th birthday." Fla. Admin. Code R. 65C-41.003 (2015). Thus, had the court placed R.J. in DCF's custody when it adjudicated him dependent, R.J. may have been eligible for extended licensed care. As a remand by the appellate court has the effect of restoring the case to the position it would have assumed absent the incorrect ruling, this case is not moot. *See Wells Fargo Armored Servs. Corp. v. Sunshine Sec. & Detective Agency, Inc.*, 575 So. 2d 179, 180 (Fla. 1991) (holding that the effect of a remand is "to return this proceeding to the lower court as though the erroneous ruling never had been made").

petition for dependency but denying placement in licensed care. Because the court reached an incorrect conclusion of law concerning its authority to place R.J. in the custody of the Department of Children and Families ("DCF") after adjudicating him dependent, we reverse and remand.

After R.J.'s parents expressed that they would not accept R.J. into their home following his discharge from a residential psychiatric center, R.J.'s attorney filed a Verified Petition for Adjudication of Dependency on R.J.'s behalf. The Petition asked the court to: 1) adjudicate Appellant dependent; 2) join DCF to the action; 3) order R.J. to be placed in the custody of DCF; and 4) order DCF to conduct a suitability assessment. DCF filed a limited notice of appearance for the purpose of objecting to the Petition's request to join it as a party and place R.J. in its custody.

Considering the evidence presented at R.J.'s dependency hearing, the court adjudicated R.J. dependent and then turned to the issue of whether it could compel DCF to participate and/or place R.J. in DCF custody without DCF's consent. Citing to *Florida Department of Children and Families v. Y.C.*, 82 So. 3d 1139 (Fla. 3d DCA 2012), it determined that it could not.

The issue of whether the trial court correctly applied the law in a dependency proceeding is reviewed de novo. *In re K.B.L.V.*, 176 So. 3d 297, 299 (Fla. 3d DCA 2015).

The purpose of chapter 39, Florida Statutes (2014), is:

> To provide for the care, safety, and protection of children in an environment that fosters healthy social, emotional, intellectual, and physical development; to ensure secure and safe custody; to promote the health and well-being of all children under the state's care; and to prevent the occurrence of child abuse, neglect, and abandonment.

§ 39.001(1)(a), Fla. Stat. (2014). To that end, chapter 39 provides for the protection of a child who has "been abandoned, abused, or neglected by the child's parent or parents or legal custodians," or who is "at substantial risk of imminent abuse, abandonment or neglect by the parent or parents or legal custodians" via dependency proceedings. §§ 39.01(15)(a),(f); 39.501, Fla. Stat. (2014).

In most cases, DCF is the party responsible for bringing a dependency action. However, section 39.501(1) provides that that "an attorney for the

department, **or any other person** who has knowledge of the facts alleged or is informed of them and believes that they are true" may file a petition for dependency and thus also allows for a "private petition." § 39.501(1), Fla. Stat. (2014) (emphasis added); *Dep't of Children & Families v. S.A.E.*, 41 Fla L. Weekly D303 (Fla. 1st DCA Feb. 2, 2016) ("A petition filed by a person who has knowledge of the facts but is not filing on behalf of the State is commonly referred to as a 'private petition for dependency,' to distinguish such a case from one initiated by the DCF."). Furthermore, there is nothing in the statutes allowing for private petitions which compels DCF to participate. Accordingly, the court did not err in concluding that DCF was not required to be joined as a party to R.J.'s petition.

While nothing in chapter 39 requires DCF to participate in the dependency process, there are provisions which certainly grant the court the authority to compel DCF to provide services once a child is adjudicated dependent. Specifically, section 39.521 provides that:

> (b) when any child is adjudicated by a court to be dependent, the court having jurisdiction of the child has the power by order to:
>
> . . .
>
> 3. **Require placement of the child** either under the protective supervision of an authorized agent of the department in the home of one or both of the child's parents or in the home of a relative of the child or another adult approved by the court, or **in the custody of the department**. . . .

§ 39.521(1)(b)3., Fla. Stat. (2014) (emphasis added). Based on the foregoing, once a child is validly adjudicated dependent, the court has the power to place the child in DCF's custody, thus forcing it to render services.

Indeed, the very case relied on by the court below supports this conclusion. *Fla. Dep't of Children & Families v. Y.C.*, 82 So. 3d 1139 (Fla. 3d DCA 2012). In *Y.C.*, the court held that the trial court's underlying determination of dependency was "fundamentally invalid," and "[w]ithout a valid dependency determination, the trial court acted in excess of its jurisdiction in directing DCF to provide the services ordered." *Id.* at 1141, 1144-45. It follows that so long as there is a valid dependency determination, the trial court may direct DCF to provide services.

3

Here, the court adjudicated R.J. dependent and this determination is not properly challenged on appeal. In light of its presumptively valid adjudication, the court had the authority to place R.J. in DCF's custody. Accordingly, we reverse and remand for the trial court's reconsideration. In doing so, we are not directing the court to place R.J. in DCF's custody, but only clarifying that it has the authority to do so.

*Reversed and Remanded.*

MAY and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***