DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEPARTMENT OF CHILDREN & FAMILIES** and **GUARDIAN AD LITEM,**
Appellants,

v.

**F.A.P.,** the mother, and **M.M.,** the father,
Appellees.

No. 4D19-2997

[February 26, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert B. Meadows, Judge; L.T. Case No. 562018DP000089.

Andrew Feigenbaum of Children's Legal Services, West Palm Beach, for appellant Department of Children & Families.

Thomasina F. Moore, Statewide Director of Appeals, and Laura J. Lee, Senior Attorney, Statewide Guardian ad Litem Office, Tallahassee, for appellant Guardian ad Litem.

No brief filed for appellees.

LEVINE, C.J.

After the trial court denied an expedited petition to terminate parental rights, it then failed to also consider dependency as statutorily required. Based on that statute, the parents' concession below, and the evidence in the record, we reverse and remand for the trial court to adjudicate the child dependent.

The parents brought their six-month-old child, A.M., to the hospital because the child was screaming in pain. According to the parents, the child's leg had been swollen and clenched for several days. An examination revealed a spiral fracture in the femur and a fracture in the healing stages in the wrist. The fracture in the femur would have occurred from a significant amount of twisting force, while the fracture in the wrist likely resulted from direct blunt force. The parents explained that the wrist fracture could have occurred when a dog jumped on the bed where the

child was sleeping and that the femur fracture could have occurred when the child was playing in an "Exersaucer" toy. Although the trial court found that the evidence did not support termination, it also failed to make any determination as to dependency.

On appeal, the Department and guardian ad litem challenge only the trial court's failure to make a dependency determination. They do not challenge the trial court's denial of termination of parental rights.

The issue of whether the trial court correctly applied the law is reviewed de novo. *R.J. v. Fla. Dep't of Children & Families*, 187 So. 3d 362, 363 (Fla. 4th DCA 2016).

"When a trial court finds the requirements for termination of parental rights were not proven, the court must then determine, as part of its dispositional powers under section 39.811(1), Florida Statutes (2016), whether the evidence supports the child being adjudicated dependent." *In Interest of K.W.*, 234 So. 3d 835, 836 (Fla. 2d DCA 2018). As section 39.811, Florida Statutes, explains:

(1) If the court finds that the grounds for termination of parental rights have not been established by clear and convincing evidence, *the court shall:*

(a) *If grounds for dependency have been established, adjudicate or readjudicate the child dependent* and:

1. Enter an order placing or continuing the child in out-of-home care under a case plan; or

2. Enter an order returning the child to the parent or parents. The court shall retain jurisdiction over a child returned to the parent or parents for a period of 6 months, but, at that time, based on a report of the social service agency and any other relevant factors, the court shall make a determination as to whether its jurisdiction shall continue or be terminated.

(b) If grounds for dependency have not been established, dismiss the petition.

(emphasis added). *See also* Fla. R. Juv. P. 8.525(j).

In this case, after finding no grounds for termination, the trial court did

2

not comply with its statutory duty to consider dependency. We reverse and remand for the trial court to adjudicate the child dependent because the parents conceded to dependency in their proposed final judgment, and the record supports a finding of dependency as evidenced by the child's two fractures as well as the parents' delay in seeking treatment. *See* § 39.01(15)(a), Fla. Stat. (defining a dependent child as one who has been abandoned, abused, or neglected); § 39.01(2) Fla. Stat. (defining abuse as including an act that harms the child); § 39.01(35)(a)(1)(b), Fla. Stat. (defining harm as including the infliction of bone fractures); § 39.01(50), Fla. Stat. (stating that neglect occurs when a child is deprived of medical treatment). In addition to adjudicating the child dependent, the trial court must also determine the child's placement in accordance with section 39.811(1)(a).

*Reversed and remanded with instructions.*

GROSS and DAMOORGIAN, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3